BESSIE ABRAHAM, Plaintiff, *v.* SAMUEL ABRAHAM, Defendant.

City Court of New York, New York County, February 19, 1935.

*Henry H. Terdiman,* for the judgment creditor.

*Jules Block,* for the judgment debtor.

*Frederick L. Allen [Sandford M. Burnam* of counsel], for the Mutual Life Insurance Company of New York.

MADIGAN, J. The judgment creditor, the wife of the judgment debtor, seeks an order directing delivery, to a receiver in supple-

mentary proceedings, of two policies of life insurance, both on the life of the judgment debtor.

This application is directed against him and against the insurance company.

As to policy No. 3900742:

It is in the possession of the insurance company.

It was originally issued payable to the wife, who is now the judgment creditor, as beneficiary. As to that policy the beneficiary, without the consent of the insured and to the exclusion of the insured, may change the beneficiary. Nevertheless, it is expressly provided that the insured shall have all other rights granted by the clause of the policy to the effect that the insured may, during his lifetime, without the consent and to the exclusion of the beneficiary, exercise every option, enjoy every privilege, and receive every benefit conferred by the contract.

There never has been a change of beneficiary as to policy No. 3900742.

The judgment creditor insists that, because she is the beneficiary and because it is solely her privilege to say whether she shall continue to be the beneficiary, she may " waive " section 55-a of the Insurance Law.

But that section contains nothing which indicates that it may be disregarded by the beneficiary as a creditor. Evidently the purpose of the statute is to protect the insurance fund, regardless of the standing of the particular person who may be named as beneficiary. To effectuate the purpose of the statute it is not necessary to construe it as this applicant contends it should be construed; and there seems to be no justification for reading such an exception into the enactment.

Apparently, the judgment creditor has it within her power to cause, in relation to policy No. 3900742, a change of beneficiary such as would render section 55-a of the Insurance Law inapplicable, a change, for example, to the estate of the insured, with the result that there would be no exemption, pursuant to said statute, in relation to policy No. 3900742. But the present status, as to beneficiary, should control on this motion, especially as the " third party " order will continue for the benefit of the judgment creditor. Until the question is presented, the court should not proceed to render a decision in relation to the right of the judgment creditor to make some particular change as to beneficiary or in relation to the effect of such change.

In relation to policy No. 3900742 the application will be denied.

As to policy No. 3031172:

It is in the possession of the judgment debtor.

It also was originally issued payable to the wife, this judgment creditor. The right was reserved to the insured, without the consent of the beneficiary, to change the beneficiary.

On March 27, 1934, at the insured's request, there was a change as to the beneficiary, the policy being made payable to the insured's executors, administrators or assigns, with all rights reserved to the insured. The premium which became due June 20, 1934, was not paid either then or within the thirty-one days of grace. The insured did not apply for reinstatement of the policy and did not elect any option provided for under it in the event of lapse within three months of default in payment of the premium. Automatically the policy was continued from June 20, 1934, as paid-up non-participating term insurance, in an amount and for a term indicated by an affidavit submitted on this motion. The policy contains no provision giving the insured the right to surrender his extended term insurance for cash. But apart from the terms of the contract, the company is willing to purchase it for $564.90 on or before February 20, 1935, the amount thereafter decreasing at the rate of a few dollars a month. However, the company will not enter into a special arrangement to purchase the policy unless it be surrendered for cancellation under an agreement silencing all " contentions by the assured that the contract is such that the company may not so purchase it or may not accept a surrender of it."

From what has been said, it will appear that the insured is not entitled, as a matter of right, to receive a " surrender value," but that, nevertheless, there is an available value.

Whether the court can make an order directing the judgment debtor to comply with the conditions on which the insurance company will purchase the contract, is a question not presented for decision now, inasmuch as this application is solely for an order directing that the policies be turned over to the receiver.

Title to this contract passed to the receiver. His right is not limited to the surrender value. (*Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635, at pp. 648 and 649.) Apart from surrender value, the contract is salable, as is, to the company or otherwise. Some one probably would consider it worth while to pay for the contract inasmuch as over nine years of the term remain unexpired and no further premiums are to be paid. The policy itself may be regarded as " personal property " under section 793 of the Civil Practice Act; and the judgment debtor may be required to turn over this tangible thing, the policy, to the receiver to whom title to the intangible rights, represented by the policy, has already passed. The order will relate solely to the physical act of turning over the policy, possession of it being all the receiver needs in order to

effectuate a sale of some kind. No suggestion is being made that, under section 793 of the Civil Practice Act, payment of a debt may be directed. (*Ecker* v. *Myer*, 119 Misc. 375.) It would seem to be an unwarranted refinement to look beyond the policy to the intangible character of what it ultimately represents, and thus, perhaps, hold section 793 of the Civil Practice Act inapplicable, although the receiver already has title to what is intangible. Much less is sought on the present application than was granted in *Matter of Rockwood & Co., Inc.,* v. *Trop* (211 App. Div. 421).

As to this policy the order applied for will be granted.

No decision is being made as to the nature of the value which the judgment debtor, the insured, if he desired, might aid in realizing by selling policy No. 3031172 to the company; for this motion is solely in aid of the receiver's obtaining possession. As to the nature of what might be so realized, see *Hiscock* v. *Mertens* (205 U. S. 202; 27 S. Ct. 488; 51 L. Ed. 771) and *Holden* v. *Stratton* (198 U. S. 202, 214; 25 S. Ct. 656; 49 L. Ed. 1018). In relation to it or the policy what other orders may be made pursuant to sections 792 and 792-a (added by Laws of 1934, chap. 645, § 2) or section 793 of the Civil Practice Act, need not now be considered.

Settle order in accordance with the foregoing.