Minnie King, Appellant, v. William J. King, and William King, Individually and as Trustee and Attorney in Fact of William J. King, and John J. McElligott, as Fire Chief, Commissioner, Trustee and Treasurer of the Fire Department Relief Fund of the City of New York, Respondents.— Action by wife under a separation agreement for an injunction restraining defendant McElligott, as fire chief, commissioner, trustee and treasurer, etc., from paying to her husband his monthly allowance from the firemen's pension fund or fire department relief fund of the city of New York, without first paying to her a specified sum fixed in the separation agreement. Order denying plaintiff's motion for an injunction *pendente lite* affirmed, without costs. (1) Section 791-a, Greater New York Charter, bars the granting of plaintiff's motion. The basis for the relief sought is not a judicial decree of separation.. Such decrees, with their fixation of the degree of the husband's obligation under the marital status, do not come within the ban of that statute. (*Zwingmann v. Zwingmann,* 150 App. Div. 358 [Second Dept.]; *Monck v. Monck,* 184 id. 656 [First Dept.]; *Weigold v. Weigold,* 236 id. 126 [First Dept.].) But the plaintiff's rights growing out of the marital status have never been made the subject of a judicial decree. She has seen fit to have those rights incorporated in a separation agreement, the validity of which is attacked. Since she wishes to enforce her rights under that separation agreement, even though she claims it was breached, without recourse to an action for a decree of separation, she must take the burden of that course with the benefits. One of those burdens is that drastic enforcement rights available under a judicial decree, by way of contempt proceedings (*Kunker v. Kunker,* 230 App. Div. 641, 646), or by way of avoidance of the ban of section 791-a, are not available in the enforcement of the separation agreement as such. (2) The plaintiff has an adequate remedy at law. If rights under a separation agreement are not precluded from enforcement by reason of section 791-a, Greater New York Charter, because the agreement concerns itself with rights under the marital status, then a judgment in an action at law based on such an agreement could be enforced by execution or by proceedings in aid of execution against the fund. If the language of section 791-a does not preclude enforcement by injunctive relief of the wife's claims under the separation agreement, it would not bar the enforcement of corresponding obligations of the separation agreement in an action at law. Young, Carswell, Adel and Taylor, JJ., concur; Davis, J., dissents and votes to reverse and to grant the motion on the ground that the relief may be furnished under the terms of the agreement itself.

Anna Kurzenhauser, Appellant, v. Edwin Kurzenhauser, Respondent, and Ridgewood Savings Bank, Defendant.— Judgment dismissing plaintiff's complaint on the merits and adjudging that the funds on deposit in the defendant bank to the credit of account No. 60849 are the sole property of respondent unanimously affirmed, without costs. No opinion. Present — Hagarty, Carswell, Davis, Johnston and Adel, JJ.