MARY C. LA HONDERE, Respondent, v. JOSEPH LA HONDERE, Appellant.— Order denying defendant husband's motion to vacate an order of sequestration obtained by the plaintiff wife affirmed, with ten dollars costs and disbursements. The order of October 31, 1938, the vacatur of which is sought, was obtained on notice. The motion to vacate was instituted December 3, 1938, more than thirty days after order appealed from was entered on October 31, 1938. The defendant willfully defaulted in appearing to oppose the granting of the order of October 31, 1938. When it was served on the third party, former employer of defendant, on November 2, 1938, it was complied with by the payment of money in its hands which it was otherwise ready to turn over to defendant as his property. Consequently when the order became operative, so far as that third party was concerned, by service thereof upon it, the third party had property in its possession which by its act it conceded belonged to the defendant and, therefore, was due to him. The third party had it within its power to terminate the payments from the pension fund which would otherwise be due from it to the defendant, but it did not do so and there is no proof that it intends to do so. When the order issued the defendant was possessed of an inchoate right to a payment from a retirement fund operated by the third party, his former employer. While that employer could terminate the payments, it did not do so. Therefore, this inchoate right of the defendant ripened into a payment due which was in the former employer's hands at the time the order of sequestration was served upon it and which it accordingly turned over to the receiver pursuant to that order. Such a situation is to be distinguished from that which obtained in *Patterson* v. *Patterson* (251 App. Div. 272) which concerned future earnings. It is more nearly analogous to that relating to city pension funds. (*Weigold* v. *Weigold*, 236 App. Div. 126; *Legler* v. *Legler*, 244 id. 55.) Hagarty, Carswell, Adel and Close, JJ., concur; Lazansky, P. J., concurs in result.

VIRGINIA MALETTA, Appellant, v. HERMAN MALETTA, Respondent.— Order denying plaintiff's motion to sequester the real and personal property of the defendant and to appoint a receiver thereof reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and matter remitted to the Special Term, Supreme Court, Kings county, for the making and entering of an order providing for the sequestration of defendant's property and the appointment of a receiver in accordance with the provisions of section 1171 of the Civil Practice Act. There is no denial of the averments set forth in the moving and supplemental affidavits of the plaintiff, and on the uncontradicted showing of plaintiff her application should have been granted. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.