In the Matter of Supplementary Proceedings: CAROLYN FRANKLIN, Judgment Creditor, *v.* RAYMOND H. FRANKLIN, Judgment Debtor.*

Supreme Court, Special Term, New York County, May 15, 1941.

*S. Earl Levene*, for the judgment creditor.

*Marx & Kahn*, for the judgment debtor.

WALTER, J. Motion to vacate or modify third-party subpœnas is denied. The judgment creditor is the judgment debtor's former wife, whose claim is for alimony under a decree of divorce for a period subsequent to August, 1940. The judgment debtor became disabled in July, 1940, and the effort is to reach disability payments due him from an insurance company. The question is whether or not such payments can be reached in view of the exemption accorded to such payments under subdivision 2 of section 166 of the Insurance Law. For remedial purposes a wife having a decree for alimony is regarded as a creditor of the husband, but in essence an award of alimony is not an adjudication of a debt but a judicial determination of what portion of the husband's

---

* Affd., 262 App. Div. 991.

estate is to be applied to the performance of the husband's duty to support his wife. (*Romaine* v. *Chauncey*, 129 N. Y. 566; *Audubon* v. *Shufeldt*, 181 U. S. 575, 577, 578, quoted in *Gould* v. *Gould*, 245 id. 151, affg. 168 App. Div. 900.) I think, therefore, that an exemption of a disability payment from liability to debts generally is not an exemption thereof from the claims of a wife for alimony. I think, too, that liability to pay alimony is within a reasonable construction of the phrase "liabilities incurred for necessaries furnished the insured" and thus comes within one of the exceptions from exemption specified in subdivision 2 of section 166. Whether or not the husband is entitled to a modification of the decree for alimony cannot be considered on this motion. As long as it remains unmodified the wife is entitled to enforce it.