In the Matter of AGNES E. JACKSON, Judgment Creditor, against CHARLES W. JACKSON, Judgment Debtor.

Supreme Court, Special Term, Queens County, June 12, 1947.

*Charles H. Ellner* for August G. Klages, as receiver of Charles W. Jackson, judgment debtor.

*Harold O. N. Frankel* for judgment debtor.

*Tanner, Sillcocks & Friend* for Metropolitan Life Insurance Company.

LIVINGSTON, J. Application by a receiver in supplementary proceedings to reach certain claimed assets of the judgment debtor and apply them for the benefit of the judgment creditor, Agnes E. Jackson, his wife. The latter's asserted rights spring from awards for temporary and permanent alimony under a final decree of separation and from a judgment in an action for necessaries.

The assets sought to be reached are a savings bank account, standing in the name of a third party, one Edna H. O'Neill, in trust for Pearl A. Jackson, the daughter of the judgment debtor and the judgment creditor; also certain annuity payments of

$45.20 per month (and accrued installments) which the judgment debtor is entitled to receive under a group policy or plan taken out by a former employer for the benefit of this judgment debtor and other employees.

As to the bank account, the receiver's assertion of his right to reach it are admissions of the judgment debtor, both on the trial of the separation action and on his examination in supplementary proceedings; and the admissions of the said Edna H. O'Neill upon her examination as a third party in such proceedings. On the present application, the judgment debtor makes no opposition to this phase of the motion, and Mrs. O'Neill, although duly served, has not answered or appeared. From their testimony given, as above stated, it appears that the sum of $142.35 now on deposit in this account, although standing in the name of Edna H. O'Neill, is the property of the judgment debtor. The daughter, who is the named trust beneficiary of the account, is of age and has signed a consent to the disposition sought and executed an assignment of her rights to the receiver. The bank's position is a neutral one. It asks merely that if payment be directed to be made as prayed for, that the bankbook be produced and surrendered and satisfactory proof given it of the identity of the named depositor, Edna H. O'Neill.

The application, insofar as it affects the annuity payments, is opposed by the judgment debtor and the insurance company third party. Both assert statutory immunity of the fund under provisions of section 166 of the Insurance Law.

Concededly, the ordinary judgment creditor, under the prohibition of the statute, would be deprived of any right to resort to this fund (unless payments were in excess of $400 a month), but the wife herein is but a judgment creditor in name only. As pointed out in *Matter of Franklin* v. *Franklin* (176 Misc. 612, 613, affd. 262 App. Div. 991): " For remedial purposes a wife having a decree for alimony is regarded as a creditor of the husband, but in essence an award of alimony is not an adjudication of a debt but a judicial determination of what portion of the husband's estate is to be applied to the performance of the husband's duty to support his wife. (*Romaine* v. *Chauncey*, 129 N. Y. 566; *Audubon* v. *Shufeldt*, 181 U. S. 575, 577, 578, quoted in *Gould* v. *Gould*, 245 id. 151, affg. 168 App. Div. 900.) I think, therefore, that an exemption of a disability payment from liability to debts generally is not an exemption thereof from the claims of a wife for alimony." (See, also, *Abrams* v. *Parker*, 41 N. Y. S. 2d 434.)

While it is true that in the *Franklin* case (*supra*) the fund sought to be reached was the proceeds of disability insurance (covered by subdivision 2 of section 166 of the Insurance Law) and the fund herein sought to be reached derives from an annuity (covered by subdivision 3 of section 166), the foregoing reasoning applies with equal force to both situations. The fact that in the *Franklin* case the court made its decision on the additional ground that subdivision 2 of section 166 makes an exception in the case of '' liabilities incurred for necessaries furnished the insured '', which exception does not appear in subdivision 3 of section 166 does not, in my opinion, alter the situation.

If the alimony award is unfair to the judgment debtor or if he seeks other equitable adjustments with respect to the disposition of these annuity payments, he has the right to apply for such relief pursuant to statute. (Cf. *Weigold* v. *Weigold,* 236 App. Div. 126; *La Hondere* v. *La Hondere,* 256 App. Div. 942; *Ferguson* v. *Ferguson,* 247 App. Div. 24.)

The application, accordingly, is granted as to the bank account, directing the bank to pay the balance in such account to the receiver upon the receiver furnishing to the bank an affidavit as to the identity of the said Edna H. O'Neill; also directing the insurance company to make payment of current and accrued annuity funds to the receiver in aid of the judgment creditor's rights under the separation decree only.

Submit order accordingly on notice.