In the Matter of AGNES E. JACKSON, Judgment Creditor, against CHARLES W. JACKSON, Judgment Debtor.

Supreme Court, Special Term, Queens County, June 23, 1948.

*Charles H. Ellner* for judgment creditor, and another.

*Tanner, Sillcocks & Friend* for Metropolitan Life Insurance Company.

HALLINAN, J. Motion for an order extending the receivership in supplementary proceedings so as to include a money judgment dated February 20, 1948, in the sum of $1,430 and directing the third party herein to pay to the receiver moneys due or hereafter to accrue to the judgment debtor under an annuity contract.

The judgment creditor and judgment debtor are husband and wife. The judgment creditor obtained a judgment of separation on May 31, 1945, which among other things directed the judgment debtor to pay alimony in the sum of $10 per week. He had deserted his wife and six-year-old daughter in 1933 and for eleven years she toiled as a domestic to support herself and her daughter. The judgment debtor was a ship's engineer and it was difficult to locate him. He has not voluntarily paid any alimony since the entry of judgment herein.

The third party resists this application on the ground that the benefits of an annuity contract are exempt from execution (Insurance Law, § 166, subd. 3). There is no question that alimony is an exception to the provisions of any statute of exemption. The purpose of such statutes is to preserve to the beneficiary the benefits thereof for the support and maintenance of himself, his wife and children and that purpose is served when part of the benefits thereof are devoted to the support of his wife and children. (*Zwingmann* v. *Zwingmann,* 150 App. Div. 358, 360.) Even city pensions, which also enjoy exemption from execution, are not exempt from the payment of alimony. (*Weigold* v. *Weigold,* 236 App. Div. 126.) Similarly pensions from private employers or annuities from insurance companies can also be held to respond to the claims of a wife for alimony. (*La Hondere* v. *La Hondere,* 256 App. Div. 942; *Matter of Franklin* v. *Franklin,* 176 Misc. 612, affd. 262 App. Div. 991.)

Moreover, from the language of the statute (Insurance Law, § 166, subd. 3) it is apparent that it was never intended to exempt that portion of the annuity required for the support of the annuitant or his family for the statute in providing for payments to judgment creditors when the annuity exceeds $400 per month says: "after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him". It thus appears that the exemption from execution was intended for the benefit of the annuitant's family as well as himself and they may waive the exemption. In any event, the situation here involved has been previously ruled upon and in the opinion of this court correctly in *Matter of Jackson* v. *Jackson* (194 Misc. 132), and it is now the law of the case.

The motion is accordingly granted. Settle order on notice.