In the Matter of MARION E. HELD, Judgment Creditor, against LOUIS B. HELD, Judgment Debtor.

Supreme Court, Special Term, Kings County, December 22, 1948.

*Jacob Bromberg* for judgment debtor.

*Max Epstein* for judgment creditor.

*William H. Barnes* for Metropolitan Life Insurance Company, third party.

FROESSEL, J. Motion by judgment debtor for an order vacating and cancelling the injunctive provisions of a third party subpœna.

The judgment creditor is the wife of the judgment debtor, and the judgment upon which this supplementary proceeding is based was recovered against the judgment debtor because of nonpayment of alimony and support for his children and for counsel fees, following an unsuccessful attempt on her part to cause him to be punished for contempt.

It is the judgment debtor's contention that because of the provisions of section 166 of the Insurance Law, the judgment creditor cannot reach the avails of the policies of insurance on the judgment debtor's life. It appears that the beneficiaries of these policies are persons other than the parties to this proceeding, one of whom being a woman other than the judgment creditor.

Statutes of exemption have generally been held to be inapplicable where the judgment is based on alimony. It has been so held with respect to city pensions (*Weigold* v. *Weigold,* 236 App. Div. 126), pensions from private employers (*La Hondere* v. *La Hondere,* 256 App. Div. 942), disability insurance payments (*Matter of Franklin* v. *Franklin,* 176 Misc. 612, affd. 262 App. Div. 991), and annuity insurance payments (*Matter of Jackson* v. *Jackson,* 194 Misc. 132; *Matter of Jackson* v. *Jackson,* 194 Misc. 134).

In *Billings* v. *Lynch* (161 Misc. 496, 500) the court said: " ' It [§ 55-a] does not protect the insured against his creditors but only seeks to prevent them from affecting the rights of the beneficiaries other than himself.' (*Matter of Messinger,* 29 F. [2d] 158; *Lion Credit Union* v. *Gutman,* 148 Misc. 620, 621.) " Section 55-a there referred to was the predecessor of the present section 166.

Whether or not subdivision 1 of section 166 of the Insurance Law is applicable here, where the judgment is based on alimony, insofar as the beneficiaries are concerned, it is my opinion, upon the authority of the foregoing cases, that it is inapplicable in any event, insofar as the judgment debtor himself is concerned. Inasmuch as he may receive dividends, loans, cash surrender values or other benefits from the policies in question, and since he may change the beneficiaries at will and thereby be entitled to the entire benefits of the policies at any moment he chooses, the motion is denied.

Submit order.