In the Matter of HELEN A. SMITH, Judgment Creditor, against HERMAN V. SMITH, Judgment Debtor.

Supreme Court, Special Term, New York County, June 30, 1950.

*Young, Balbach, Tilford & Lewis* for judgment creditor.

*Tanner, Sillcocks & Friend* for Provident Mutual Life Ins. Co. of Philadelphia, third party.

*Louis W. Dawson* for Mutual Life Ins. Co. of New York.

Pecora, J. The judgment creditor is the former wife of the judgment debtor, having obtained a decree of divorce from the judgment debtor in the Supreme Court, Queens County. That decree provided for the payment of alimony, and upon default in the payment of alimony, the wife obtained judgment for the arrears. The instant application is made pursuant to section 794 of the Civil Practice Act to direct two insurance companies to pay over to the wife, as judgment creditor, the cash surrender value of each of two life insurance policies, to be applied in partial satisfaction of the judgment obtained by her for unpaid alimony.

The insurance companies oppose the application upon various grounds. Primarily they urge that the proceeds of an insurance policy are exempt from claims of an insured's creditors by virtue of section 166 of the Insurance Law (formerly section 55-a of the Insurance Law). Under the provisions of that section the " proceeds and avails " of a policy of life insurance, including by definition the cash surrender value thereof, are exempt from the claims of creditors of the insured provided he has procured the policy on his own life and it is payable to a third person as beneficiary. However, based upon a theory that the payment of alimony is regarded in a special status different from other creditors' claims, it has been held that the exemption pro-

visions of section 166 of the Insurance Law, are not applicable to an alimony judgment creditor. (*Matter of Held* v. *Held*, 193 Misc. 913.) None of the cases cited by the insurance companies deals directly with the question here presented. For example, *Rosenberg* v. *Rosenberg* (259 N. Y. 338) is clearly distinguishable, because there the insurance company disputed the factual contention that there was any cash surrender value due on the policy. Here the companies admit that there are cash surrender values. Furthermore, the Federal cases cited, which hold that the cash surrender value of life insurance policies is not property for the purpose of making it available for claims of the United States Government (*United States* v. *Metropolitan Life Ins. Co.*, 41 F. Supp. 91), must be restricted to their particular situations and are not akin to a claim by an alimony judgment creditor.

The insurance companies urge further that the insured should be directed to execute the necessary requests for the cash surrender values and that the policies be delivered up. Obviously, the judgment debtor, who is a nonresident, is not amenable to any such direction by the court, and the court will not direct any futile act. However, the order to be entered hereon should direct that if the judgment creditor is in possession of the policies, she should surrender them upon payment of the cash surrender values.

The application of the judgment creditor is in all respects granted. Settle order.