In the Matter of IMOGENE E. AMERSBACH, Judgment Creditor, against JOSEPH C. AMERSBACH, Judgment Debtor.

City Court of the City of New York, Special Term, New York County, October 18, 1951.

*Edward T. Welch* and *Maurice F. Wade* for judgment creditor.

*Peter W. Quinn* for judgment debtor.

RIVERS, J. This is an application by a judgment creditor under subdivision 2 of section 794 of the Civil Practice Act to direct the payment by the third party to such judgment creditor of the sum of $2,377.50 in satisfaction of a judgment for such amount.

The judgment, which was entered in this court, is based upon a debt for alimony pursuant to a decree of divorce granted by the Court of Common Pleas of the State of Ohio. The decree incorporated the alimony provisions of a separation agreement which was made between the parties.

Thus, the judgment creditor was the wife of the judgment debtor. The sum of money which it is sought by this application to require the third party to pay to the judgment creditor represents the cash surrender value of policies of insurance upon the life of the judgment debtor. The judgment creditor is the beneficiary of these policies, and the separation agreement contains a provision whereby the judgment debtor " agrees not to change the beneficiary of any of the said policies without the consent of " the judgment creditor.

The question here is whether section 166 of the Insurance Law puts the cash surrender value of these policies beyond the reach of the judgment creditor though she is the beneficiary. I am of the opinion that this question must be answered in the negative. The first sentence of section 166 reads : " If any policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable, by assignment, change of beneficiary or otherwise to a third person, such third person beneficiary, assignee or payee shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance." The statutory provision is explicit that the " third person beneficiary, assignee or payee shall be entitled to the proceeds and avails of such policy as against the creditors ". Thus the statutory exemption is for the benefit of the third person beneficiary and is operative in her favor, not against her. Though other creditors could not take down the cash surrender

avails of the policy in derogation of the rights of the third person beneficiary, the statute does not operate against such beneficiary when she herself seeks to take, especially as the insured is not at liberty to change the beneficiary of the policy without her consent.

Furthermore, it has been said: '' There is no question that alimony is an exception to the provisions of any statute of exemption. The purpose of such statutes is to preserve to the beneficiary the benefits thereof for the support and maintenance of himself, his wife and children, and that purpose is served when part of the benefits thereof are devoted to the support of his wife and children.'' (*Matter of Jackson* v. *Jackson,* 194 Misc. 134, 135; Cf. *Abraham* v. *Abraham,* 155 Misc. 574; *Matter of Smith* v. *Smith,* 198 Misc. 400, and *Conlew, Inc.,* v. *Spatz,* 88 N. Y. S. 2d 821.)

A representative of the insurance company appeared on the argument of the motion and stated that the insurance company would require the signature of both the husband and the wife before paying the cash surrender value. However, the insurance company is adequately protected against all liability by compliance with the order of this court, which will be made in disposition of the present application, and may not exact signatures as a condition of its compliance. If the creditor or receiver is in possession of the appropriate policies these will be surrendered.

The motion under subdivision 2 of section 794 of the Civil Practice Act is granted.

Settle order on notice to both respondents.