Rose Gross, Respondent, *v.* Maurice W. Gross, Appellant, and Home Life Insurance Company et al., Third-Party Appellants.

First Department, July 1, 1952.

*John F. X. Browne* for Home Life Insurance Company, third-party appellant.

*Harry N. Schechter* of counsel (*Ferdinand M. Schwartz* with him on the brief; *Levine & Schechter,* attorneys), for The Prudential Insurance Company of America, third-party appellant.

*Louis Okin* of counsel (*Sohn & Okin,* attorneys), for respondent.

*Per Curiam.* The assured Maurice W. Gross has insurance policies on his life with the Home Life Insurance Company and with the Prudential Insurance Company of America. The beneficiaries are three daughters of the assured. His wife, Rose who has obtained a judgment of separation against him, Gross, has never been a beneficiary of either of the policies.

The assured has a right under the terms of the policies to elect to receive their cash surrender values. The cash surrender value of the Home Life policy is $1,306.40; that of the Prudential, $1,298.89.

Judgments for unpaid alimony under the decree of separation have been entered by the wife from time to time, and there remains unpaid on those judgments the sum of $4,570.19. Third-party proceedings were instituted by the wife as judgment creditor against the two insurance companies, and the cash surrender value of the policies being established, an order was entered at Special Term directing the companies to pay such value to the wife as judgment creditor.

The beneficiaries were not made parties to the third-party proceeding and have had no opportunity to be heard. The insurance companies appeal from the order and each have argued for reversal. The husband has appealed but has not filed a brief.

We regard the statute as determinative of the question. Section 166 of the Insurance Law provides that the '' proceeds and avails '' of any life insurance policy shall go to the beneficiary of such policy '' as against the creditors, personal representatives,'' and certain others '' of the person effecting the insurance.'' It is expressly provided that the cash surrender value of the policy is to be deemed within the term '' proceeds and avails.''

The status in which the wife institutes this proceeding is as a judgment creditor. She seeks the payment of the avails of the policies under proceedings authorized by law only because she has become a judgment creditor. There can be no doubt, if the language is read in its common meaning, that all such creditors were to be excluded as against the rights of the beneficiaries of the insurance policies. No exception is made in favor of a wife who also is a judgment creditor, and the fact that '' personal representatives '' are included in the group against whose claims the beneficiary is given statutory protection would suggest that a wife or husband of an assured who would often be the personal representative of a deceased, would be in the same class in a claim against the beneficiary of the policy as that of any other claimant.

We do not feel at liberty to read an exception into plain statutory language that the Legislature did not write. There is a statement in *Matter of Held* v. *Held* (193 Misc. 913, 914) that '' Statutes of exemption '' have '' generally been held '' inapplicable where the judgment is based on alimony; but the only question actually before the court there was whether the injunc-

tive provisions of a third-party order against the husband should be vacated, and the motion to vacate was denied. We do not regard this decision, and some others at Special Term which follow it, as authoritative in avoiding the force of a plain statutory direction, or to require the payment of the proceeds of the policies here involved to the judgment creditor.

The order should be reversed, with $20 costs and disbursements to the third-party appellants, and the motion denied.

PECK, P. J., CALLAHAN, VAN VOORHIS, HEFFERNAN and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the third-party appellants, and the motion denied. Settle order on notice.