### SUN LIFE ASSUR. CO. OF CANADA
#### v.
#### THIEBAUTH et al.
#### Civ. No. 306-53.

United States District Court,
D. New Jersey.
Feb. 2, 1954.

No appearance for plaintiff.

Ormond & Dippel, Newark, N. J., John W. Dippel, Newark, N. J., for defendant, Arthur R. Krausse.

Maurice C. Brigadier, Jersey City, N. J., for defendant Louise Thiebauth.

Francis J. McCardle, Kingston, N. Y., pro se.

MEANEY, District Judge.

This is a suit over the proceeds of a life insurance policy. Judgment of interpleader was entered on September 14, 1953. Now comes a motion for judgment on the pleadings by Arthur R. Krausse, executor of the assignee of the policy.

Sun Life Assurance Company of Canada wrote the policy on January 3, 1946, for $5,000, on the life of Charles W. Thiebauth. The policy was made payable to his wife, Anne M. Thiebauth, a defendant herein, who remains the named beneficiary. On January 26, 1949 (or 1944—there is some dispute over the year) said Charles W. Thiebauth and Anne M. Thiebauth borrowed $2,000 from one Elizabeth Krausse and gave their promissory note therefor, due January 26, 1950, bearing interest at 6%. The loan and note were both increased subsequently to $3,000 on the same terms, and no part of this note nor any interest thereon have been paid to date. On April 23, 1949 Anne M. Thiebauth, to secure the note, assigned her interest in the policy, in an instrument witnessed by her husband, to Elizabeth Krausse, who has since died, her executor, Arthur R. Krausse, being the moving party on this motion. Krausse has amended his claim to allege that on February 14, 1952 Charles W. Thiebauth assigned all of his right, title and interest in the policy to Elizabeth Krausse, which assignment was recorded at the head office of the Insurance Company on February 26, 1952. This allegation, however, is hardly calculated to assist the court since Elizabeth Krausse, the assignee, apparently died on February 4, 1952, ten days previous to this latter assignment.

The insured, Charles W. Thiebauth, died on December 18, 1952 and the Insurance Company, by reason of the above-mentioned judgment, has paid into the registry of this court the sum of $5,142.-25, representing the face amount of the policy plus $142.25 paid by defendant Krausse on June 15, 1952 to protect his security. Defendant Krausse further alleges a similar additional payment of $94.70 and asks that judgment be awarded him in the amount of $3,236.95, together with 6% interest on $3,000 from January 26, 1949, from the amount of the deposited fund.

Defendant, Anne M. Thiebauth, agrees in her pleading that Krausse be awarded this sum. She further agrees that the sum of $605 be awarded Francis J. McCardle, likewise a defendant herein, having assigned and consented to pay this amount to him for the funeral expenses of the insured, and that the sum remaining after such payments be paid over to her.

Defendant, Louise Thiebauth (first wife of the insured), after her divorce from him, obtained a judgment in her favor for arrears in alimony in the courts of the State of New York, in the amount of $12,500. Her attempt to levy on the proceeds of the policy in New York by service on the Superintendent of Insurance of that State was unsuccessful, and her claim here is that under the law of that State she is entitled to the proceeds of the policy, or at least a pro rata share thereof.

The Commissioner of Public Welfare, Ulster County, New York, was joined in the interpleader action and has neither answered nor appeared. No further consideration will be given his claim.

The merits of the matter center around the claim of defendant, Louise Thiebauth. If she is unable to recover by reason of her judgment for alimony, no further dispute exists as to the disposition of the proceeds.

The insured, Charles W. Thiebauth, was domiciled in and died in the

State of New York. It is the law of that State, then, which controls the distribution of the proceeds of his estate and which will apply here.

Section 166 of the New York Insurance Law (McK.Consol.Laws) states as follows:

> "If any policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable, by assignment, change of beneficiary or otherwise, to a third person, such third person beneficiary, assignee or payee shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance * * *."

The most authoritative interpretation of this statute applying to the situation at bar is Gross v. Gross, 1st Dept. 1952, 280 App.Div. 433, 114 N.Y.S.2d 117. In that case an ex-wife (not a beneficiary under the policy) who was a judgment creditor for alimony, sought, in an action against the husband-debtor and the Insurance Company, to reach the cash surrender value of the policies in question. The court specifically declined to follow contrary lower court cases, and held her claim to be *excluded* as against the rights of the beneficiaries.

> "The status in which the wife institutes this proceeding is as a judgment creditor. She seeks the payment of the avails of the policies under proceedings authorized by law only because she has become a judgment creditor. There can be no doubt, if the language is read in its common meaning, that all such creditors were to be excluded as against the rights of the beneficiaries of the insurance policies. No exception is made in favor of a wife who also is a judgment creditor, and the fact that 'personal representatives' are included in the group against whose claims the beneficiary is given stat-

utory protection would suggest that a wife or husband of an assured who would often be the personal representative of a deceased, would be in the same class in a claim against the beneficiary of the policy as that of any other claimant.

> "We do not feel at liberty to read an exception into plain statutory language that the Legislature did not write." 114 NY.S.2d at page 118.

Indeed, the Gross case is not as strong as the case at bar. Here the insured husband is dead and the claim of the deceased's first wife seeks priority in the actual proceeds and avails of the policy over the very person whom the statute is intended to protect.

■ Defendant, Louise Thiebauth, strenuously presses the equity of her position, which is that if her claim does not prevail, an injustice would result to divorced wives whose husbands have failed to satisfy their common law obligations of support and who have failed to comply with a court order to pay alimony. Such a situation may be the result of the decision of this court, but the policy of the State of New York, as interpreted by its courts, apparently indicates such a consequence. And this court feels bound thereby.

Defendant, Louise Thiebauth, as a bar to judgment on the pleadings, attempts to raise as a question of fact the allegation made by the Insurance Company as plaintiff in the interpleader action that the assignment of the policy on the life of the assured to Elizabeth Krausse was made on February 14, 1952, and that during her lifetime Elizabeth Krausse alleged that the said assignment was made to her to secure payment of a note dated January 26, 1944, for $3,000 and 6% interest, and that no part of said loan was paid. On the other hand, the answer of Anne M. Thiebauth, beneficiary under the policy, states that her assignment, made on April 23, 1949, was made to secure a loan, later increased, made on January 26, 1949.

Defendant, Arthur R. Krausse, similarly alleges the date of the assignment to be April 23, 1949, and the date of the loan to be January 26, 1949. Moreover, Krausse alleges that the deceased himself assigned all of his right, title and interest in the policy to Elizabeth Krausse on a day which, from examination of the record, appears to be ten days after the death of said Elizabeth Krausse.

Nevertheless, the answer of Louise Thiebauth in no way sets up any material issue of fact that could prevent this court from giving judgment on the pleadings. Nowhere in her pleadings does she allege the bad faith of the assignment. Since the good faith of the assignment is not controverted in the record, the date of the obligation which was secured by assignment of the policy is material only for the purpose of determining the interest due thereon, and the date of the loan could in no way give any additional right to Louise Thiebauth.

This court decides, then (1) that the claim of Louise Thiebauth is of no validity, (2) that the amount of $3,000 plus $236.95, representing premiums paid by Arthur R. Krausse to plaintiff Insurance Company to protect his security, plus 6% interest from the date of the obligation (which date is to be determined at a hearing to be set upon consultation between the court and counsel), be paid to Krausse, (3) Francis J. McCardle is awarded the sum of $605, and (4) the amount remaining is to be paid to Anne M. Thiebauth. Krausse, of course, has alleged the payment of two premiums to protect his security, one of $142.25, which amount has been paid into court with the face amount of the policy, and an additional payment of $94.70. This latter payment apparently has not been paid into court, but since Anne M. Thiebauth admits this amount is to be paid over to Krausse, it will be so paid. If the $94.70 is to be recovered from the Insurance Company, the usual procedures will be necessary.

Let an order be submitted to this effect.