CONCETTINA SOKAL, PLAINTIFF, v.
JOSEPH SOKAL, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided August 12, 1966.

*Mr. Louis J. Anzalone,* attorney for plaintiff.

*Mr. Charles M. Huq* for the Prudential Insurance Company of America (*Messrs. Stryker, Tams and Dill,* attorneys).

CONSODINE, J. C. C. (temporarily assigned). A case of first impression, other than under statute (*Gross v. Gross,* 280 *App. Div.* 433, 114 *N. Y. S.* 2d 117 (*App. Div.* 1952)), involves matrimonial law and contracts.

Defendant is in arrears on alimony and child support. Plaintiff seeks a writ of sequestration (*R. R.* 4:77–24) as to the cash surrender values of two policies on defendant's life. All incidents of ownership reside in defendant. Plaintiff is the revocable beneficiary of the policies. Defendant's whereabouts are unknown. He has not been served with the moving papers.

The Prudential Life Insurance Company of America defends against the petition and on the order to show cause.

The policies contain the following provisions:

"Cash Value Option.—This Policy may be surrendered for its net cash value which will be the cash surrender value determined in accordance with the table of Loan and Non-forfeiture Values, less any existing indebtedness· on this Policy, plus the then present value of any existing paid-up dividend additions together with any other dividend credits existing on this Policy."

"Control.—Except as may be otherwise provided by any law to which this Policy is subject, the person herein designated the Insured shall be entitled during his or her lifetime, without the consent and

to the exclusion of any Beneficiary, to receive any benefit payable and any value obtainable under this Policy, and to exercise any rights and privileges conferred by this Policy or allowed by the Company."

The cash surrender values under the cited provisions are not a debt from the insurance company to the owner-insured until he presents the policies and applies therefor. It is not a debt at any time from the insurance company to the beneficiary. *Pack v. Progressive Life Insurance Co.,* 239 *Mo. App.* 1, 187 *S. W. 2d,* 501 (*Ct. App.* 1945).

██ There being no monies owing under the cash surrender clause of the two policies, sequestration does not lie at the behest of the policy beneficiary. Before one is able to sequester pursuant to a judgment or a decree, there must be property in existence to sequester. Generally on sequestration, see, *R. R.* 4:77–24; 79 *C. J. S. Sequestration, p.* 1045 *et seq.*

██ Sequestration comes to us, subject to the present rules of court, as an inheritance of the usage or custom of the High Court of Chancery in England. *Penna. R. R. Co., v. Nat'l. Docks & N. J. J. C. Ry. Co.,* 54 *N. J. Eq.* 647, 652 (*E. & A.* 1896).

The order to show cause for writ of sequestration is denied.