OPINION OF THE COURT
Howard Miller, J.
The petitioner commenced a proceeding pursuant to section *785 466 of the Family Court Act seeking to enforce a decree of the Supreme Court, State of New York, County of Rockland dated January 12, 1973. Upon respondent’s default, after due service of notice of the proceeding, this court entered an order of enforcement directing the respondent to pay to the petitioner the sum of $50 per week alimony and concurrently entered a payroll deduction.
The employee, respondent herein, retired March 1, 1977 and left the State of New York. He appears to be presently residing in the State of Virginia. The petitioner and respondent were married June 17, 1944 and were divorced on January 12, 1973. There were two children of the marriage both over 21 years of age and not involved in these proceedings.
Thereafter, upon notification of retirement of respondent the court entered a payroll deduction against the pension benefits of the respondent through respondent’s former employer, Federal Paper Board Company, Inc., hereinafter called "the Company”.
The Company moves to vacate the payroll deduction herein claiming that the pension plan benefit of respondent is exempt under Federal law from proceedings under State law to subject such benefits to satisfy respondent’s obligation of support. The Company further claims that payment under such payroll deduction would be a violation of the Employee Retirement Income Security Act of 1974 as provided in subdivision (d) of section 206 (US Code, tit 29, § 1056, subd [d]) and subdivision (c) of section 1021 (US Code, tit 26, § 401, subd [a], par [13]) of said act (also designated as US Code, tit 29, § 1001 et seq).
The moving papers filed on behalf of the Company show that the Company located in Piermont, New York is engaged in business throughout the United States. Its business is as an industrial manufacturer of paper products. It is further shown that the Internal Revenue Service certified that the fund connected with the pension plan was a qualified trust for income tax purposes and subject to the provisions of titles I and III of the Employee Retirement Income Security Act. The moving papers state that respondent was employed by the Company until March 1, 1977 when he retired and is, therefore, entitled to receive a pension benefit under the Federal Paper Board Company, Inc., hourly wage employees pension fund, the fund against which the within payroll deduction was directed.
*786 The obligation of support or alimony to be paid from fixed trusts or pensions is a long and established principle of statutory law and of case law. EPTL 7-1.5 on the divesting of trust property provides in subdivision (d): "The beneficiary of an express trust to receive the income from property and apply it to the use of or pay it to any person is not precluded by anything contained in this section from transferring or assigning any part or all of such income to or for the benefit of persons whom the beneficiary is legally obligated to support.” (Italics supplied.) Where there was an assignment of trust income for support of wife and children and circumstances under which a trust provided against alienation, the Court of Appeals held in Matter of Knauth (12 NY2d 259, 264) that such assignment of benefits to dependents: "far from violating the policy or the spirit of the rule, actually tends to effect its purpose.” So, too, where a man was separated from his family, the Surrogate’s Court in Matter of Chusid (60 Misc 2d 462, 465) noted: "the obligation to support dependent children transcends all other obligations including that of the beneficiary himself for his own food, clothing and shelter.” That court concluded by directing the trustee of the trust to make appropriate payments for the support of the dependents from income and from the corpus of the trust (Wetmore v Wetmore, 149 NY 520, 529; 162 NY 503, 516; Zwingmann v Zwingmann, 150 App Div 358).
The obligation of the respondent in the case at bar stems from his 29-year marriage to the petitioner herein. The judgment of divorce dated January 12, 1973 directed support to the wife, petitioner herein, in the amount of $50 per week. Stipulation was made in open court and referred to in the said divorce decree. The order of enforcement of Family Court dated September 7, 1977 directed the payment of said sum of $50 per week to the petitioner for support to her as provided in the order of the Supreme Court above referred.
The respondent’s obligation to support petitioner is created by the marital relationship that existed between the parties. A person cannot avoid paying an obligation to support by retiring from his position (Grant v Grant, 61 Misc 2d 968).
The application to vacate the support deduction from the pension of the respondent is predicated upon an interpretation of the Employee Retirement Income Security Act under section 1056 (subd [d], par [1]) of title 29 of the United States Code which states: "Each pension plan shall provide that *787 benefits provided under the plan may not be assigned or alienated.”
It is alleged that the pension plan herein concerned meets all of the standards of the Employee Retirement Income Security Act which fact has not been controverted. In sustaining its claim the Company further cites the Conference Committee Report on the Pension Reform Act (House Rep No. 93-1280, 93d Congress, 2d Session [US Code, Cong & Admin News, 1974, p 5061]) where it is stated: "Alienation * * * [A] plan must provide that benefits under the plan may not be assigned or alienated. However, the plan may provide that after a benefit is in pay status, there may be a voluntary revocable assignment (not to exceed 10 percent of any benefit payment) by an employee which is not for the purposes of defraying the administrative costs of the plan. For the purposes of this rule, a garnishment or levy is not to be considered a voluntary assignment.”
The Company proposes to place a former spouse seeking enforcement of a support order in the position of a creditor. The spouse is not a creditor (Matter of Chusid, supra). Her position is that of one who is seeking her natural and statutory rights as a former wife of 29 years. These rights have been reduced to a divorce decree of the Supreme Court, Rockland County, State of New York, and of the Family Court, Rockland County.
The right of support has been recognized even within the Employee Retirement Income Security Act program itself where in section 1001 (Congressional findings and declaration of policy) in the defining of the purpose of the act the Congress of the United States stated in subdivision (a) that the purpose of the act was: "the continued well-being and security of * * * employees and their dependents” and further thereon in stating the purpose of the adoption of the Employee Retirement Income Security Act added: "in the interests of employees and their beneficiaries * * * assuring the equitable character of such plans”.
The purpose of complying with a support order is not a strange doctrine to laws adopted by the Congress of the United States. In the Bankruptcy Act, section 35 (subd [a], par [7]) of title 11 of the United States Code, provides: "(a) A discharge in bankruptcy shall release a bankrupt from all his provable debts * * * except such as: * * * (7) are for alimony *788 due or to become due, or for maintenance or support of wife or child”.
Nor are counsel fees for a wife in a dissolution of marriage dischargeable in a subsequent bankruptcy (Jones v Tyson, 518 F2d 678; Tenny v Hamilton, 75 Misc 2d 1086) nor are the employees or the members of the Armed Forces of the United States immune from support or alimony as provided in section 659 of title 42 of the United States Code which states: "Notwithstanding any other provision of law effective January 1, 1975, moneys (the entitlement to which is based on remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to an individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.” Federal and military pensions are included as such payments subject to child support and alimony (Sample v Sample, 414 F Supp 773; Popple v United States, 416 F Supp 1227).
The authorities amply provide precedent that the pension or trust fund is not immune from the responsibility of a husband or former husband to provide support for his wife or former wife. This principle is followed in the Bankruptcy Act and the Social Security Act. Other pension trusts are held to be subject to claims for alimony (Michel v Michel, 86 Misc 2d 774).
The Employee Retirement Income Security Act pension plan provides that the employee may make a voluntary alienation or assignment to the extent of 10% of any benefit payment. It is noteworthy that the plan permits the pensioner receiving benefits to make a voluntary assignment of up to 10% of the benefit payment and the Employee Retirement Income Security Act further provides that the corpus of the benefit funds allocated to the pensioner may be used as security for a loan against such corpus. In contrast, the objectants here claim that court ordered alimony for support of a wife (or children for that matter) is not within the contemplation of the act. Such a position is against the public interest to permit the pensioner, a husband, or former husband, or father to reap all of the benefits of his pension while his dependents have to seek support from other sources.
*789 In the case at bar, courts of competent jurisdiction, Supreme Court of Rockland County on January 13, 1973 in the divorce decree and Family Court, Rockland County on September 7, 1977 pursuant to section 466 of the Family Court Act issued orders of support. These orders cannot be frustrated by subterfuge of the claim that the petitioner is a creditor and thus claimed to be precluded. Such claim is found by this court not to be the law and that such policy espoused by the objectant is against public policy. The petitioner is a person who has an interest in the pension fund and is entitled to receive benefits therefrom. Thus, the purposes of the Employee Retirement Income Security Act to provide for the pensioner and his dependants are, in fact, implemented, effecting the real purpose of the act. The payroll deduction against the pension of the respondent for the payment of support is not proscribed by the requirements of an Employee Retirement Income Security Act pension plan. The payroll deduction is consistent with the objectives of the Employee Retirement Income Security Act. The conclusions of this court are not in conflict with the Federal law or an infringement of Federal policies as described above in relation to the Bankruptcy Act and the Social Security Act and with the Employee Retirement Income Security Act.
This court holds that a petitioner who is seeking to enforce a claim for alimony (Zwingmann v Zwingmann, 150 App Div 358, supra) made pursuant to a court order (Franklin v Franklin, 176 Misc 612, affd 262 App Div 991; King v King, 246 App Div 836) is not a creditor within the exclusion provided for in the Employee Retirement Income Security Act which prohibits the attachment of the pension of such respondent as a retired employee in a pension plan and therefore such pension plan is subject to the wage deduction order entered in this court against the respondent’s interest in his pension for the support of his wife.
Accordingly, the motion to vacate the payroll deduction is denied.