OPINION OF THE COURT
Aaron E. Klein, J.
Petitioner, Bella Gramet, has commenced a special proceeding seeking an order, pursuant to CPLR 5225 (subd [b]), directing the respondent to pay her the balance of a monthly pension presently being paid to Fred Gramet, her judgment debtor and former husband. The respondent has interposed an answer and affirmative defense, claiming the method the petitioner has chosen is not a proper one to reach the pension fund of a retiree. For the reasons that will follow, this court agrees with the respondent’s contention; however, before dealing with the merits of the special proceeding, the court is confronted with a motion for leave to intervene by Fred Gramet.
CPLR 5225 (subd [b]) grants the court power to "permit the judgment debtor to intervene in the proceeding.” Since the respondent is in essence a stakeholder, and Fred Gramet is unquestionably the person who will be most seriously affected by the outcome of this proceeding, leave to intervene is granted.
The question posed in the proceeding is whether a former wife who has been granted a judgment based on her contract claim for arrearages due her under a separation agreement, can enforce that judgment against an exempt pension fund. (Education Law, § 524.) A review of the litigative history of Fred and Bella Gramet will shed considerable light to guide the court.
On January 30, 1975, the Gramets entered into a separation agreement which provided in Paragraph No. 8 that Fred Gramet pay the petitioner $75 per week as and for alimony. A judgment of divorce was entered in favor of the petitioner on the ground of abandonment in the Supreme Court, Nassau County, on August 7, 1975, which provided for the survival of *733 the afore-mentioned, separation agreement. It should be mentioned that the second decretal paragraph of the judgment of divorce ordered payments from Fred Gramet to the petitioner "in the sum of Seventy-Five ($75.00) Dollars per week as alimony”.
In February of 1979, the petitioner moved at Special Term, inter alia, for an order of sequestration of the pension and disability moneys paid to the intervenor-respondent by the respondent herein, and for alimony arrears owed her. Fred Gramet cross-moved for an order modifying the alimony provision in the divorce decree, and for an order applying any sums in arrears, upon which there was a levy of execution, be credited toward future alimony.
A hearing was held before the Honorable Leo P. McGinity on December 4, 1978. In his memorandum decision dated January 16, 1979, he held Fred Gramet had "made an adequate showing to permit modification of the divorce Decree.” Justice McGinity went on to hold that notwithstanding section 524 of the Education Law, $100 per month as alimony was to be deducted from Fred Gramet’s pension pursuant to section 49-b of the Personal Property Law, and that $40 per month was to be deducted for payment of arrears.
On March 30, 1979 the petitioner moved for summary judgment on the arrearage. The motion was granted by the Honorable Howard E. Levitt, in a short form order dated May 21, 1979. It is significant that Justice Levitt stated "plaintiff elected to proceed on a contract theory of recovery”. (Emphasis supplied.) On June 27, 1979 the Nassau County clerk entered a judgment of $2,000.50, which includes $50.50 costs and disbursements as well as the arrears. Upon this judgment, the petitioner now seeks enforcement pursuant to CPLR 5225 (subd [b]).
While the court in its discretion, may modify an alimony provision contained in a divorce decree downward, if there has been a substantial change in financial circumstances (Le Duc v Le Duc, 14 AD2d 642; Butler v Butler, 50 AD2d 776; Domestic Relations Law, § 236), the wife "may still resort to the usual remedies for breach of a contractual obligation” contained in the separation agreement. (Goldman v Goldman, 282 NY 296, 305.)
There has been a wide-ranging judicial acceptance that alimony and support are exceptions to statutory exemptions based on the rationale that court-ordered support payments *734 are not a debt within the meaning of the statutes, as the granting of such an exemption would be a subversion of the purpose for exemptions to protect and foster support of the family. (Matter of Wanamaker v Wanamaker, 93 Misc 2d 784; Matter of M. H. v J. H., 93 Misc 2d 1016; Fordyce v Fordyce, 80 Misc 2d 909; Matter of Amersbach v Amersbach, 200 Misc 465; Matter of Jackson v Jackson, 194 Misc 134; Matter of Held v Held, 193 Misc 2d 913; Matter of Franklin v Franklin, 176 Misc 612; 22 NY Jur, Exemptions, §57; see, generally, Ann. 54 ALR2d 1422.)
Here, the judgment sought to be enforced is not based on the divorce decree, but, rather upon a contract claim stemming from the separation agreement. As such, its enforcement is barred by the exemption granted in section 524 of the Education Law since those moneys "shall not be subject to * * * any other process whatsoever” (cf. King v King, 246 App Div 836; 22 NY Jur, Exemptions, § 57; 54 ALR2d 1425). Furthermore, costs and disbursements are likewise barred by the exemption. (Monck v Monck, 184 App Div 656; 22 NY Jur, Exemptions, § 57.)
In sum, leave to intervene is granted and for the foregoing reasons, the petition is dismissed.