In the Matter of CHARLES GOMBERT et al., Copartners Doing Business as GOMBERT BROTHERS, Judgment-Creditors-Respondents, against GEORGE C. FULLER CONTRACTING Co., INC., Judgment Debtor, and SEABOARD SURETY COMPANY, Appellant.— In proceedings supplementary to judgment, under article 45 of the Civil Practice Act, an order was made by the County Court, Nassau County (1) denying appellant's motion to vacate a statutory restraining provision in a third-party subpœna; (2) granting the respondents' cross motion to direct payment of the judgment by the judgment debtor, and (3) containing provisions permitting the third party to pay the respondents. Appellant issued performance and payment bonds on behalf of the judgment debtor, as principal, in favor of the third party, the Board of Education, Union Free School District No. 21, Town of Oyster Bay, Nassau County, New York, as obligee. The contract between the judgment debtor and the third party, which appellant guaranteed, provided for the construction of a school. The judgment debtor before entering upon the performance of the contract, and as a condition to the furnishing of the bonds by appellant, executed an obligation and indemnity agreement in favor of appellant which substantially assigned to the appellant

payments due or to become due under the contract on the default of the judgment debtor. The judgment debtor entered upon performance of the contract, but subsequently defaulted and notified the appellant of its inability to continue. The appellant paid accumulated indebtedness for labor and material and undertook completion of the building. Respondents recovered a judgment against the judgment debtor for work performed for the judgment debtor in no way connected with the contract improvement. Respondents served a third-party subpœna upon the board of education seeking to examine it as to funds in its hands due and owing to the judgment debtor. The subpœna restrains transfer of any such funds. The board gave notice by letter to the respondents that it was withholding a sum equal to twice the amount of the judgment, as a result of which the respondents did not proceed further with their proposed examination. Appellant moved to vacate the restraining order and the respondents cross-moved for a direction to the judgment debtor to pay the amount of its judgment. Appellant's motion was denied and respondents' cross motion was granted. In addition the order permits the board of education to pay to respondents the amount of their judgment and provides that upon such payment the board be discharged of any obligation in connection therewith. Order of the County Court, Nassau County, modified, on the law, by striking therefrom the second, third, and fourth ordering paragraphs. As so modified, order affirmed, without costs, and without prejudice to the bringing of a proceeding or action wherein facts may be developed for a determination as to whether or not the board of education is withholding funds in which the judgment debtor or respondents have an interest. The rights of the appellant both by way of subrogation and under the assignment made by the judgment debtor are clearly superior to those of the respondents. The service of the third-party subpœna containing the stay gave the respondents a lien upon any indebtedness then existing between the board of education and the judgment debtor. But respondents could stand on no better footing than their judgment debtor, and their rights, as were its, were subject to any lien theretofore created or to any valid assignment theretofore executed. Appellant's lien by way of subrogation was created when it issued its bonds; and its assignment came into effect at the same time although its rights under either did not become available until a default. However, the subrogation was only to the extent required to indemnify appellant for the expense of completing the job, and other incidental expenses, and it is not clear that the assignment gave the appellant any greater rights. Consequently the facts in this record will not permit a determination that the judgment debtor or respondents have no interest in the fund. We think that the order must be affirmed insofar as it denied the motion to vacate the stay, but this should be without prejudice to another motion or action in which the facts may be established. (Cf. *Arrow Iron Works* v. *Greene*, 260 N. Y. 330.) Nolan, P. J., Wenzel, MacCrate, Murphy and Ughetta, JJ., concur.