In the Matter of ANNETTE H. SLAFF, Respondent, against MAURICE M. SLAFF, Judgment Debtor, and GUYON-FRIEDMAN EMPLOYEES PENSION PLAN et al., Appellants.

ANNETTE H. SLAFF, Respondent, v. MAURICE M. SLAFF, Defendant, and GUYON-FRIEDMAN EMPLOYEES PENSION PLAN et al., Appellants.

First Department, October 20, 1959.

*Marcus Klein* of counsel (*Benjamin A. Hartstein*, attorney), for appellants.

*William J. Rapp* for respondent.

RABIN, J. Respondent, successful in a separation action, was awarded alimony of $125 per week. The husband defaulted in making payments and the wife ultimately recovered a judgment against him in the amount of $5,085. In subsequent proceedings, in furtherance of her attempt to satisfy the judgment, the wife sought to reach the husband's interest in an employees' pension plan. It is her efforts in this direction which give rise to the instant appeals.

In July, 1957 the wife caused a third-party subpœna in supplementary proceedings to be served upon the trustees of the pension plan. After having been examined, the trustees moved to vacate the subpœna or, in the alternative, to close the supplementary proceedings. Special Term found it necessary to ascertain whether the pension fund was indebted to the husband or whether it was in possession of any funds belonging to him as a preliminary to the decision on that motion, and therefore directed a reference with respect thereto, pending which, it held the decision in abeyance.

After hearings, the Referee reported that the pension fund was indebted to the husband, finding that he had a "vested interest" in that fund. The report was confirmed upon motion of the wife and the third-party's original motion to vacate the subpœna was denied by order entered on April 16, 1959.

Thereupon, the wife moved for an order directing the pension fund to pay to the Sheriff $4,787.65, which sum she claimed represented the balance of the husband's interest at the time of such motion. The wife's motion was granted and an order entered on May 11, 1959 directing the requested turnover. It is this order and the earlier order confirming the Referee's report and denying the vacatur of the subpœna that are the subjects of this appeal.

The husband, who is the appellant here, claims that there was no basis for making the inquiry directed inasmuch as the motion merely requested a vacatur of the subpœna, and, he likewise urges that the Referee arrived at an erroneous conclusion in reporting that the husband had a "vested interest" in the pension fund.

It is quite clear that a finding as to whether or not the husband had an interest in the fund was a necessary prerequisite to a decision of the motion. Because, if he had no such interest then the motion should have been granted and the subpœna vacated. If, on the other hand, he did have an interest in such fund, then further proceedings under the subpœna could become necessary. Moreover, the trustees may not now be heard to complain since they do not bring up for review the order designating the Referee and which order delineated the scope of the reference. Besides, it seems that they participated in the reference and it does not appear that they objected thereto.

While we agree that the Referee was correct in his finding that the husband did have a " vested interest " in the fund, we cannot come to the conclusion, as arrived at by the Referee, that the fund was then indebted to him for the entire amount of that interest or that he then had a right to the possession of such entire amount.

The present fund was created as a result of a pension plan which became effective on January 1, 1954 which replaced two profit sharing plans in one of which the husband had been a member. Section 4.1(h) of the present plan provides: " All assets held under the aforesaid profit sharing plans on December 31, 1953 are to be held hereunder as a partial funding of the benefits to be provided by this Plan. Each Member who was a beneficiary of either of the said profit sharing plans on December 31, 1953 is vested with an amount equal to one hundred per cent (100%) of the value of the proportionate interest of each such beneficiary as of December 31, 1953 in said profit sharing plans. ''

The husband concededly had an interest of $8,762.76 under the old profit sharing plan and thus clearly had a " vested interest " in a like amount under the present plan as of January 1, 1954. This sum was subsequently increased to $9,575.30— interest having been added at the rate of 3% per annum. The husband borrowed 50% of this amount (as was permitted under the plan) thus leaving a net balance of $4,787.65 as his " vested interest ". It is this sum that the Referee apparently found to be then due to the husband and it was this sum that the court directed be turned over to the Sheriff.

An examination of the pension plan, however, indicates that the husband would not be entitled to immediate possession of his entire interest at the time the order was made. It is therefore clear that his wife, as a judgment creditor, would have no right to any funds which the judgment debtor, himself, could not obtain (*Matter of Gombert* v. *Fuller Contr. Co.,* 285 App. Div. 1053). We find, however, that there was some portion of such

fund then due to the husband and consequently such portion was the proper subject of a turnover order. Accordingly, it was necessary that the supplementary proceedings be continued and the court was therefore correct in denying the application to vacate the subpœna.

Inasmuch as there was only a portion of his "vested interest" due him at the time, the direction to turn over should have been limited to such portion.

An examination of the document is in order to determine just how much was due to the husband at the time of the commencement of the supplementary proceedings. The manner in which the husband's interest in the fund was to be paid and the time for the making of such payment or payments are provided for by section 4.1(h) of the plan. This section refers us to section 4.2 which reads in part as follows:

"4.2 Termination of Employment.

"No Member, whose employment shall have terminated for any cause other than retirement, shall be entitled to any benefits hereunder, other than:

"(1) The Vested Interests as stated in Section 4.1(h), which the Member shall be entitled to receive as provided under Section 4.5 or the Committee at its option may direct full payment of the Vested Interests on termination of employment".

Section 4.2 applies to the husband because his employment had been terminated. There is a provision in that section that the committee referred to therein may direct full payment of a member's interest at the time of the termination of his employment. The respondent urges and the Referee found that despite the fact that the committee had failed to direct full payment at the time of the termination of employment the husband nevertheless became entitled thereto. There is no support for such a conclusion. The instrument is explicit in requiring such a direction and unless such direction was made, the husband would not be entitled to receive full payment. To hold otherwise would be rewriting the plan and that the court may not do.

However, subdivision (1) of section 4.2 does provide for another manner of payment to a member whose employment has been terminated. It refers to the one set forth in section 4.5. Section 4.5 applies to the husband — an employee whose employment has been terminated — despite the fact that it refers to "former beneficiaries", to which class the husband does not belong. That is so because subdivision (1) of section 4.2, which does refer to the husband's class, expressly incorporates it.

Subdivision (b) of section 4.5, which therefore applies to the husband, provides for installment payments to be made on certain dates. Applying the schedule of said subdivision, we find that, after crediting the fund with the amount of the loan made against his interest, the husband would be entitled to the immediate payment of $957.53 as of the date of the turnover order. It is this amount therefore that would be the proper subject of the turnover order rather than the full amount of his " vested interest ".

It is contended, however, that any direction for a turnover under section 796 of the Civil Practice Act was improper since there existed a substantial dispute as to the husband's right to the possession of the funds. Section 796 does provide that a direction for a third party to pay over moneys claimed to be owing to a judgment debtor may not be made where there is a substantial dispute as to the ownership of the funds. The obvious purpose of the provision is to prevent a summary turnover order without affording the parties a full opportunity to try out the issue of ownership. The reference afforded such opportunity to the parties and it was taken advantage of by them without apparent objection. The issue was litigated and the finding, being a necessary one in the determination of the issue tried, is binding upon all of the parties unless set aside. Thus the dispute as to ownership having been judicially resolved it can no longer be a proper objection to a turnover order.

It is also urged that the husband's interest is exempt from levy by reason of the express provisions of the plan. A reading of the provisions referred to, in the context of the entire document, clearly shows that such exemption was intended to apply only to such sums to which the beneficiary had not as yet acquired a matured right of possession. Even absent such interpretation, such provisions would not be given force with respect to funds to which the husband has an immediate right of possession and which he may dispose of as he chooses. Particularly so, in a case such as this, where the funds sought to be reached are required for the support and maintenance of the beneficiary's wife (*Fox* v. *Fox*, 276 App. Div. 859).

There is a procedural objection which merits a brief comment at this point. The papers submitted in the turnover application appear to have been captioned in the separation action rather than in the supplementary proceedings. Of course, section 796 refers only to proceedings supplementary to judgment and the relief it affords may not be obtained in the separation action proper. However, throughout this case the captions in the supplementary proceedings and the separation action were used

interchangeably and on some papers even conjunctively. All of the parties involved, including the third-party trustees who had no interest in the separation suit, were before the court which directed the turnover and were aware of the true nature of the proceedings. We find that the turnover order was entered in the supplementary proceedings rather than in the separation action and that there was merely an error in the caption which can, should be, and is hereby deemed corrected.

Accordingly, the order entered on April 16, 1959 insofar as it confirms the Referee's report should be modified on the law so that the report be deemed confirmed to the extent set forth in this opinion and it is otherwise affirmed, without costs.

The order entered May 11, 1959 should be modified on the law, without costs, so as to direct the third party to pay over to the Sheriff the sum of $957.53 with leave to the judgment creditor to apply to Special Term from time to time for a direction for further payments as amounts become due.

M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Order of April 16, 1959, insofar as it confirms the Referee's report unanimously modified on the law so that the report be deemed confirmed to the extent set forth in the opinion of Mr. Justice RABIN, and, as so modified, affirmed, without costs.

Order of May 11, 1959 unanimously modified on the law, without costs, so as to direct the third party to pay over to the Sheriff the sum of $957.53 with leave to the judgment creditor to apply to Special Term from time to time for a direction for further payments as amounts become due.

Settle orders.