■ WALTER W. NYE et al., Respondents, v. HERBERT A. DAWES, Appellant. — Judgment and order unanimously reversed, without costs of this appeal to either party, judgment set aside and the order denying defendant's motion to stay the entry of judgment and restore the case to the calendar for trial reversed and the Clerk directed to place the case upon the Trial Calendar. Memorandum: The defendant procured an order to show cause why entry of judgment in favor of plaintiffs should not be stayed and the proceedings upon the inquest vacated, and why an order should not be made restoring this action to the Trial Calendar. The plaintiffs claim that this is a motion to open a default and contend that the papers upon which the order to show cause was presented are inadequate and improper. The motion really is one to set aside the proceedings taken in court upon the defendant's withdrawal from the case and to set aside the verdict of the jury and the judgment based thereon, and to place the case on the calendar for trial. The fact that this might not have been stated with technical accuracy in the moving papers is of little consequence. Section 105 of the Civil Practice Act reads as follows: " Mistakes, omissions, defects or irregularities. At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded." This liberality of practice is carried through to section 2001 of the Civil Practice Law and Rules in substantially the same language.

Inasmuch as the defendant was not prejudiced by mistakes in labeling or describing the type of relief required, we are not prevented from reversing and setting aside the judgment and order appealed from. It is apparent that the defendant is entitled to relief, particularly in view of the conclusion reached by Special Term that the defendant's default in appearance at the trial was not willful on his part, but was due to his having been misinformed as to the date of the commencement of the trial of the action. This is a mistake from which the Special Term Justice should have granted relief. (Appeal from judgment of Cattaraugus Trial Term for plaintiffs in an automobile negligence action; also appeal from order denying defendant's motion to stay the entry of judgment and to restore the action to the Trial Calendar.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.