Joseph F. Falco, J.
This is a motion by the defendant to reduce a jury’s verdict to conform to the ad damnum clause of plaintiff’s complaint.
The plaintiff and defendant both submit memoranda of law and plaintiff further submits two affidavits in support of his contention that a clerical error had been made.
On November 21, 1972, after proof had been completed by both sides, the jury after due deliberation found a five-sixths verdict in favor of the plaintiff and against the defendant in the sum of $1,000. Defendant then in open court moved to reduce the verdict to $600, the amount demanded in the plaintiff’s complaint. The plaintiff opposes said motion based on his contention that a clerical error had been made in typing the ad damnum clause, and the amount demanded should have been $6,000, which is the monetary limit of this court’s jurisdiction.
*310 Plaintiff submits an affidavit by his secretary wherein she states that the $6,000 figure was in fact dictated to her, but that she inadvertently transcribed the figure of $600. The plaintiff’s attorney also submits his own affidavit to the effect that in some 19 years of law practice he has sued over 200 cases in negligence in the Syracuse City Court and has never sued for an amount below the statutory limit of $6,000.
The rule is well settled in New York State that a plaintiff is bound by his ad damnum clause. (Michalowski v. Ey, 6 N Y 2d 71 [1959]; George v. County of Erie, 66 Misc 2d 871 [1972].)
Under ordinary circumstances and in the absence of a mistake for which justice demands granting relief, the motion of the defendant would be granted. However, in the instant case it Avas brought out during the trial that the plaintiff had been treated by several doctors for his injuries for approximately nine months, and medical bills in the sum of $426.49 were offered and received in evidence. It must also be noted that the amounts of these medical bills were knovra by the plaintiff’s attorney before the summons and complaint in this action were served upon the defendant. The plaintiff’s attorney also knew that one of the plaintiff’s attending physicians had diagnosed the plaintiff’s condition as “ a permanent chronic phlebitis ” before the summons and complaint were served on the defendant. In the face of this knowledge it would seem ludicrous to say that plaintiff’s attorney meant to sue his client’s case for $600. His contention of a clerical error in the typing of the complaint is more probable under all of the circumstances.
CPLR 2001 permits a court to correct a mistake at any stage of any action. Case law in New York State allows clerical errors to be rectified in the interest of justice. (Herpe v. Herpe, 225 N. Y. 323 [1919] ; Nye v. Dawes, 20 AD 2d 680 [4th Dept., 1964].)
Accordingly, defendant’s motion to reduce the jury’s verdict is denied, and the clerical error in the plaintiff’s complaint is amended from $600 to $6,000; The verdict of the jury in the sum of $1,000 is allowed to stand.