NATIONAL BANK OF NORTH AMERICA, Petitioner,

v.

LOCAL 553 PENSION FUND OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND CHAUFFEURS, Respondent.

Anthony Lombardo, Judgment-Debtor.

No. 78 C 758.

United States District Court, E. D. New York.

Dec. 28, 1978.

Halpern, Halpern & Axelrod, Mineola, N.Y. by Elliot Pecker, Mineola, N.Y., for petitioner.

Cohen, Weiss & Simon, New York City by Samuel J. Cohen, Keith E. Secular, New York City, for respondent.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

In October 1975, petitioner, the National Bank of North America (the "Bank"), obtained a money judgment for $3,414.65 against Anthony Lombardo in the Civil Court of the City of New York, Queens County, $2,639.05 of which remains unsatisfied. Petitioner commenced the above-styled special proceeding in the Civil Court in April 1978, to obtain an order, pursuant to N.Y. CPLR § 5225(b), directing the respondent, Local 553 Pension Fund (the "Fund"), to make monthly payments to it of $32.85, representing ten percent of Lombardo's monthly pension benefits, in satisfaction of the 1975 judgment.[1] Respondent thereafter removed the proceedings to this court pursuant to 28 U.S.C. § 1441(a). The matter is before the court on petitioner's motion to remand to the Civil Court on the

---

1. N.Y. CPLR § 5225(b) provides, in pertinent part, as follows:

"Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, . . . where it is shown that the judgment debtor is entitled to the possession of such property . . . ., the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor . . . .. Notice of the proceeding shall also be served upon the judgment debtor . . . .. The court may permit the judgment debtor to intervene in the proceeding. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with [N.Y. CPLR] section 5239."

Although trust principal is wholly exempt from execution for purposes of satisfying a money judgment, N.Y. CPLR § 5205(c), at least 10 percent of the "income or other payments" from an exempted trust is generally subject to enforcement proceedings, id. § 5205(d)(1).

ground that the removal was improvident. See 28 U.S.C. § 1447(c).

Resolution of this motion turns on whether the claim sued upon arises under federal law. The parties agree that the Local 553 Pension Fund constitutes a "plan" subject to the provisions of the Employees Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93–406, 29 U.S.C. § 1001 *et seq.* But their accord extends no further. Respondent urges that the cause of action properly sounds under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides that:

> "(a) A civil action may be brought—
> (1) by a participant or beneficiary—
>
> \* \* \* \* \* \*
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> . . . ."

Section 502(e)(1), 29 U.S.C. § 1132(e)(1), in turn confers on federal and State courts concurrent original jurisdiction of actions brought under subsection (a)(1)(B). Hence, if this proceeding falls within Section 502(a)(1)(B), removal was proper. See 28 U.S.C. § 1441(a).

To span the apparent gulf between the kind of action contemplated by Section 502(a)(1)(B) and the relief sought by the Bank in this proceeding—garnishment of a portion of Lombardo's monthly pension benefits—as well as the fact that the Bank, as judgment creditor, hardly qualifies as a "participant" or "beneficiary" as those terms are defined in ERISA, see 29 U.S.C. § 1002(7) & (8),[2] the Fund offers a two-pronged argument. First, it contends that the order petitioner seeks would necessarily modify Lombardo's right to receive benefits from the Fund and that the proceeding must, therefore, be viewed as one brought "to clarify the rights of a pensioner to future benefits." Respondent's Memorandum (6/27/78), at 5. Second, the Fund invokes the familiar rule that a judgment creditor "stands in the shoes" of the judgment debtor when he seeks to enforce the judgment against property of the judgment debtor held by a third party. *Id.* at 5–6. Petitioner responds that it does not seek to clarify Lombardo's right to pension benefits but simply to "intercept" a portion of the benefits currently being paid to him, in

---

**2.** 29 U.S.C. § 1002(7) & (8) provide:

"(7) The term 'participant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.
"(8) The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."

The only other persons authorized by Section 502 to bring suit under ERISA are "fiduciaries" and the Secretary of Labor. See 29 U.S.C. § 1132(a)(1)–(6). The Plan does not contend that the Bank qualifies as a fiduciary. Cf. *Hibernia Bank v. International Brotherhood of Teamsters*, 411 F.Supp. 478, 488–90 (N.D. Cal. 1976).

The federal courts have uniformly restricted standing to sue under Section 502(a)(1)(B) to employee-participants and designated beneficiaries. See, *e. g., Francis v. United Technologies Corp.*, No. C 77–1504, 458 F.Supp. 84 (N.D. Cal. 1978); *Kerbow v. Kerbow*, 421 F.Supp. 1253 (N.D. Tex. 1976). Indeed, each of the cases cited by the respondent in support of this court's removal jurisdiction is consistent with this view. See *Cowan v. Cowan*, No. C 76–116A (N.D. Ohio, June 9, 1976) (alleged beneficiary); *Buck v. Union Trustees of Plumbers & Pipefitters National Pension Fund*, 70 F.R.D. 530 (E.D. Tenn. 1975) (employee-participant); *Leonardis v. Local 282 Pension Trust Fund*, 391 F.Supp. 554 (E.D.N.Y. 1975) (employee-participant). The only decision adopting a contrary rule is *Stone v. Stone*, 450 F.Supp. 919 (N.D. Cal. 1978), where the court held that neither Section 206(d) nor Section 514(a) of ERISA preempts State community property laws that permit the transfer of a portion of an employee-participant's covered pension plan benefits to his non-employee spouse upon a judgment dissolving their marriage, and that ERISA therefore poses no obstacle to the concomitant transfer of the participant's right of action under Section 502(a)(1)(B). The holding was rejected in the *Francis* case, *supra*, and, in any event, turned largely on the distinction between the claims of business creditors and the community property interests of non-employee spouses, as well as the fundamental interest of the State in regulating domestic relations.

order to satisfy the 1975 Civil Court judgment.

■ It is settled that "[w]hether an action arises under federal law is determined with reference solely to plaintiff's complaint . . . ." *State of New York v. Local 1115 J. Bd., N.H. & H.E.D.*, 412 F.Supp. 720, 722 (E.D.N.Y. 1976). See *Pan American Petroleum Corp. v. Superior Court*, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961). This follows naturally from the rule that a claim is federal only if federal law creates the cause of action sued upon. See, *e. g., Oneida Indian Nation of New York State v. County of Oneida*, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974); *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Thus, as the Supreme Court has only lately held, if a claim is to be characterized as federal,

> " 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 [57 S.Ct. 96, 81 L.Ed. 70] (1936). The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.' *Gully, supra*, at 113 [57 S.Ct. 96.]"

*Phillips Petroleum Company v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–1004, 39 L.Ed.2d 209 (1974) (additional citations omitted).

■ A plaintiff may not, of course, defeat federal removal jurisdiction by casting in terms of State law a claim which is properly federal; nonetheless, where he has a right to relief under either State or federal law, a plaintiff may elect to rely exclusively on State law and his unasserted federal claim will not support removal. *State of New York v. Local 1115, supra*, 412

F.Supp. at 722; see *Great Northern Ry. Co. v. Alexander (Hall's Adm'r)*, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918); *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913).

■ It is evident here that the Bank's claim, as reflected in its petition to the State court, derives entirely from State, rather than federal, law. Indeed, the relief sought—an order directing the Fund to pay to the Bank a portion of Lombardo's monthly pension benefits—is purely a creation of New York law. See N.Y. CPLR § 5225(b). The Fund's effort to characterize the proceeding as an action brought to clarify a pensioner's right to future benefits from a plan subject to ERISA's substantive provisions—and therefore both within this court's subject matter jurisdiction and calling for a federally-created remedy—is foreclosed by the simple fact that the Bank is neither a "participant" nor a "beneficiary," and in any event falls with the Fund's concession of its obligation, under the terms of the plan, to Lombardo. Certainly, the Bank's claim presupposes Lombardo's right to receive pension benefit payments; but the Bank's right, if any, to reach those payments stems entirely from the judgment-enforcing remedies provided by the CPLR, and not from the common law notion that a judgment creditor's interest in property held by a third party is coextensive with that of his judgment debtor. *Cf. Slaff v. Slaff*, 9 A.D.2d 80, 191 N.Y.S.2d 636, 638–39 (1st Dep't 1959); *Gombert v. George C. Fuller Contracting Co.*, 285 App. Div. 1053, 139 N.Y.S.2d 464, 466 (2d Dep't 1955); 6 Weinstein, Korn & Miller ¶ 5225.16 (1964).

While conceding that the merits are not before the court on this motion to remand, the Fund nonetheless urges that "important issues of federal pension policy" are raised which support a recognition of federal jurisdiction. Respondent's Memorandum (6/27/78) at 3. The Fund seemingly argues that it would be an exercise in futility to remand this case, since Sections 206(d)(1) and 1021(c) of ERISA, 29 U.S.C.

§ 1056(d)(1), 26 U.S.C. § 401(a)(13), preclude the relief now sought by the Bank.

Undeniably, as the Fund points out, § 206(d)(1) requires that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." Ostensibly in conformity with that requirement, the Local 553 Pension Plan "provides that no portion of any pension benefit paid by the Fund is subject to attachment, garnishment, levy, execution or other legal equitable [*sic*] process against a plan participant." Respondent's Memorandum (6/27/78), at 3. The Plan's provision, however, parallels virtually identical language appearing in a Treasury Regulation, § 1.401(a)(13)(b)(1) (February 17, 1978), interpreting Section 1021(c), 26 U.S.C. § 401(a)(13), as making the inclusion of an anti-assignment and alienation term a precondition to treatment of a pension plan as a "qualified trust"—that is, one eligible for such tax advantages as exempt status under 26 U.S.C. § 501 and deferred taxation of employer contributions under *id.* § 402.

Despite the foregoing, this court (per Judge Nickerson) has recently held that neither ERISA nor the provisions of the pension fund agreement would prevent a levy against fund benefits to satisfy a State court judgment for familial support, *Cody v. Riecker*, 454 F.Supp. 22 (E.D.N.Y. 1978), relying upon the rule that federal legislation will not be interpreted as displacing the States' power to enforce such obligations, absent an "unambiguous declaration" of Congress' intent to do so.[3] See generally *Wetmore v. Markoe*, 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904) (familial support obligations not dischargeable in bankruptcy); *Schlaefer v. Schlaefer*, 71 U.S.App.D.C. 350, 112 F.2d 177 (1940) (bankruptcy). Compare *Free v. Bland*, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962); *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950).

At least one other district court has reached a similar result, albeit in a somewhat different setting, declining to enjoin a Family Court order directing the diversion to a county social services agency of a portion of pension benefits otherwise payable to an individual in arrears in making court-directed support payments to his wife and children, where the wife had assigned to the agency her support rights in exchange for assistance provided by the agency, a practice required by Section 402(a)(26)(A) of the Social Security Act, as amended, 42 U.S.C. § 602(a)(26)(A). See *Cartledge v. Miller*, 457 F.Supp. 1146 (S.D.N.Y. 1978). *Cf. Stone v. Stone*, 450 F.Supp. 919 (N.D. Cal. 1978).

The New York courts seem generally to have adopted a view of Section 206(d) consistent with the holdings of *Cody* and *Cartledge*, finding that ERISA has not displaced the traditional New York rule (now codified in N.Y. Pers. Prop. Law § 49–b) that pension benefits are subject to levy and attachment to enforce support obligations notwithstanding language in the instrument restricting assignment or alienation. See, e. g., *M.H. v. J.H.*, 93 Misc.2d 1016, 403 N.Y.S.2d 411 (Fam. Ct., Queens County, 1978); *Cogollos v. Cogollos*, 93 Misc.2d 406, 402 N.Y.S.2d 929 (Sup. Ct., N.Y. County, 1978); *Wanamaker v. Wanamaker*, 93 Misc.2d 784, 401 N.Y.S.2d 702 (Fam. Ct., Rockland County, 1978). One New York decision goes even further, however, interpreting Section 206(d) as restricting *voluntary* assignments and alienations only, and holding, therefore, that State-court judgment-enforcing process may issue, unimpeded by ERISA, against a judgment debtor's pension benefits without regard to the source of the underlying obligation. *National Bank of North America v. International Brotherhood of Electrical Workers Local # 3*, 93 Misc.2d 590, 400 N.Y.S.2d 482

---

**3.** On facts virtually identical to those of *Cody*, however, the Eastern District of Michigan has reached a contrary result, holding that Section 206(d) supersedes any State decisional rule that would permit garnishment of pension plan benefits, despite an anti-assignment or alienation provision in the trust agreement, to enforce obligations created by a judgment of divorce.

See *General Motors Corp. v. Townsend*, No. 6–72159 (E.D. Mich., Dec. 16, 1976). See also *Francis v. United Technologies Corp.*, No. C 77–1504, 458 F.Supp. 84 (N.D. Cal. 1978) (ERISA preempts so much of State community property law as gives non-employee spouse interest in covered retirement plan; no cause of action under ERISA).

(Sup. Ct., Nassau County, 1977). That decision amply supports petitioner's contention that its claim is predicated solely on State law, and places in perspective the respective positions of the parties on this motion.

 Even if the matters raised in defense by the Fund required interpretation of federal law,[4] it is settled that "[a] defense based on federal law . . . will not sustain removal jurisdiction." *State of New York v. Local 1115, supra,* 412 F.Supp. at 722 (citing *Application of State of New York,* 362 F.Supp. 922, 926 (S.D.N.Y. 1973)). The Fund's proper course is to submit this issue to the State courts for determination, subject to ultimate review in the Supreme Court. *State of New York, supra,* 412 F.Supp. at 724.

No other basis for removal jurisdiction having been offered, petitioner's motion to remand this action to the New York City Civil Court is granted.

SO ORDERED.

---

4. Of course, the fact that federal law may govern certain aspects of a case does not mean that the action arises under federal law for purposes of original or removal jurisdiction. Again, the remedy sought by petitioner is not one provided by Section 502 nor is the proceeding one over which Congress has given the federal courts jurisdiction. The Supreme Court has uniformly rejected the view that federal jurisdiction may be asserted over an action solely on the ground that a property right or interest recognized or governed by federal law is involved or may be affected by the action where, although matters of national policy are implicated, neither the federal government nor a federal entity is a party and no proprietary interest of the federal government is in issue or is likely to be affected by the outcome. Thus where, as here, a claim is founded on State law and does not lie within any specific grant of federal court subject matter jurisdiction, it must be prosecuted in the State courts, and will be governed by State substantive law except to the extent that federal questions may emerge in determining the contours of the State claim. See *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) (suit to recover value of helium constituent of natural gas sold by plaintiff to defendant at rates set by the Federal Power Commission); *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) (suit involving patent licensing agreement); *Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961) (suit to recover natural gas overpayments); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (suit on contract concerning issuance of certificate by FPC); *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (disparagement action). *Contra, Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921) (suit brought by shareholder to enjoin bank from investing in federal farm loan bonds). Compare *D'Oench Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and *Clearfield Trust Co. v. United States,* 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943), with *Wallis v. Pan American Petroleum Corp.,* 384 U.S. 63, 86 S.Ct. 1301, 16 L.Ed.2d 369 (1966), and *Nolan v. Meyer,* 520 F.2d 1276 (2 Cir.), *cert. denied,* 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975). See generally *Wong v. Bacon,* 445 F.Supp. 1177, 1186 n. 12 (N.D. Cal. 1977) (discussing implication of federal common law remedies).