■ In the Matter of JOHN B. DAVIE Co., INC. — Order unanimously affirmed, without costs. Callahan, J., not participating. Memorandum: This is an appeal from an order at Special Term which authorized respondent John B. Davie Co., Inc. (Davie) to depose Edward P. Storto, president of Storto & Sons Construction Co., Inc. (Storto) and which directed Storto to produce all the documents and records which it was required to maintain as a trustee pursuant to section 75 of the Lien Law. Storto contends that the court

lacked jurisdiction to enter the order because no proceeding under the Lien Law has been instituted and such proceeding is now time barred. There is, however, an action pending between the parties on a claim and counterclaim for breach of contract arising out of a construction project. The books and ledgers required to be kept by Storto as trustee under section 75 of the Lien Law are discoverable in that action pursuant to article 31 of the CPLR. Although Davie ostensibly brought this matter under the Lien Law, Special Term overlooked the technical defect in the caption under which the motion was brought and granted the relief that would have been available to Davie in an article 31 discovery proceeding under a proper caption. There is ample authority for a court to overlook such irregularities and deal with the matter on the merits. CPLR 2001 provides as follows: "At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." Similarly, CPLR 2101 provides, in relevant part, as follows: *"Form of papers * * * (c) Caption.* Each paper served or filed shall begin with a caption setting forth the name of the court, the venue, *the title of the action,* the nature of the paper and the index number of the action if one has been assigned. * * * (f) *Defects in form; waiver. A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given.* The party on whom a paper is served shall be deemed to have waived objection to any defect in form unless, within two days after the receipt thereof, he returns the paper to the party serving it with a statement of particular objections." (Emphasis added.) (See, also, 2A Weinstein-Korn-Miller, NY Civ Prac, par 2001.03.) In order to insure substantial justice when there is no showing of prejudice to the opposing party, the courts have frequently dealt with such technical defects in a similar manner (see, e.g., *Fletcher v Greiner,* 73 AD2d 591; *Covino v Alside Aluminum Supply Co.,* 42 AD2d 77, 80-81; *Nye v Dawes,* 20 AD2d 680; *Matter of Slaff v Slaff,* 9 AD2d 80, 85-86; *Williams v Sterling Estates,* 41 Misc 2d 692). In view of the fact that there was no showing of prejudice to Storto, substance should be recognized over form, the need for further delay obviated and the parties moved toward a resolution of their claims on the merits. (Appeal from order of Monroe Supreme Court — discovery.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Schnepp, JJ.