**In the Matter of Thomas Harold HARGROVE, Debtor.**

No. 5293–6.

United States District Court, W. D. Missouri, W. D.

Aug. 10, 1973.

60. United States v. DeSapio, 435 F.2d 272 (2d Cir. 1970); United States v. Miller, 411 F.2d 825 (2d Cir. 1969).

William E. Stoner, Walker & Salveter, Springfield, Mo., for petitioner.

W. Morris Taylor, Hanks & Taylor, Clayton, Mo., for respondent.

## ORDER

COLLINSON, District Judge.

The Bankrupt has filed a petition for review of an order in this case entered by the referee on May 30, 1973, and filed on June 4, 1973. The issues as certified for review by the referee are as follow:

1. Whether the petition for review was timely filed on June 14, 1973.

2. Whether attorney's fees and "suit money" allowed at a modification hearing of a divorce decree, where no attorney fees or alimony or any other allowance was made for the support and maintenance of the wife in the original divorce decree, are dischargeable in bankruptcy.

Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c) (1970), directs that persons aggrieved by the order of a referee may, within 10 days after the entry of that order, file a petition for review with the referee. In the instant case, the order was filed on June 4, 1973. Since the petition for review was filed on June 12, 1973, (and not on June 14, according to Court records) we find that it was filed within the statutory period and is timely.

With respect to the second issue, the parties do not dispute that "alimony due or to become due" is not dischargeable in bankruptcy. Bankruptcy Act, § 17(a)(7), 11 U.S.C. § 35(a)(7) (1970). It is also undisputed that the courts have generally held that attorney's fees or suit money awarded to a wife pursuant to a divorce decree are also non-dischargeable. *See* 1A Collier, Bankruptcy, ¶ 17.18 (14th ed. 1972).

The record on review indicates that the divorce decree terminating the marriage of Claimant and Bankrupt was entered by the Circuit Court of the County of St. Louis, Missouri, on May 10, 1971. The original decree apparently provided that Claimant was to have custody of the children and that Bankrupt was to pay child support of $170.00 per month. The parties have stipulated for this review that the original decree made no award of alimony or attorney's fees to the Claimant.

Claimant subsequently remarried and the Bankrupt petitioned the Circuit Court for an order modifying the provisions of the original decree, presumably

as to custody and child support. An order modifying the original decree was entered on June 23, 1973, which reaffirmed the child support order and modified the custody provisions of the original decree. Claimant at this time was awarded a judgment of $2,298.86 for attorney's fees and suit money for defense of the modification action.

The Bankrupt argues that the referee erred in ruling that the attorney's fees and suit money awarded in the hearing to modify the original divorce decree were non-dischargeable in bankruptcy. In support of his position he sets forth two theories. First, there is a distinction between a suit to modify an original decree of divorce which does provide for alimony, and the modification of an original decree for divorce which does not provide for alimony. From this distinction he argues that since there was no award of alimony in the original decree, "[i]t thereby indisputably follows: that attorney's fees and other expenses allowed in such modification suits are not alimony." This theory is untenable in light of the Missouri courts' interpretation of the relevant statute. The Missouri Court of Appeals has recently stated: "The allowance of attorney's fees, while not specifically mentioned in the statute (Sec. 452.070, R.S.Mo. V.A.M.S.), is treated as akin to alimony and may be made in *any* proceeding incidental to a divorce action . . . ." Burton v. Burton, 472 S.W.2d 620, 622–623 (Mo.Ct.App.1971) (emphasis added). This is in keeping with a long line of Missouri precedent. *See, e.g.*, Rutlader v. Rutlader, 411 S.W. 2d 826, 829 (Mo.Ct.App.1967), and cases cited therein. An action modifying an original divorce decree is certainly a proceeding incidental to a divorce action. Herhalser v. Herhalser, 401 S.W.2d 187 (Mo.Ct.App.1966).

As the Missouri courts have construed "alimony" to include attorney's fees, then such fees are not dischargeable in bankruptcy:

If under the [statutory] provisions for the wife pending and growing out of marital actions, counsel fees are allowed to the wife, and it is discernible that this allowance is made on the same basis as alimony, or other forms of support owed by a husband to his wife, then the claim for counsel fees is not dischargeable in bankruptcy. Damon v. Damon, 283 F.2d 571, 573 (1st Cir. 1960).

Petitioner's second theory is that since the husband's duty to provide support to his wife terminates upon her remarriage, then there can be no award of alimony made after her remarriage. Therefore, while not denying the modifying court's authority to award attorney's fees, the Bankrupt reasons that Claimant's remarriage prior to the modification suit at issue here necessarily precludes such an award being in the nature of alimony. We find this theory unpersuasive.

The rationale for including attorney's fees and suit money within the term "alimony" has been stated by the Missouri Court of Appeals as "being alimony in the sense that it is allowed for the purpose of defraying the ordinary and necessary expenses of the wife in respect to her prosecution or defense of the action of divorce." Knebel v. Knebel, 189 S. W.2d 464, 466 (Mo.Ct.App.1945). This rationale would, of course, apply to any action which is incident to the original divorce. Alimony has two connotations in this setting. First, alimony is money awarded in satisfaction of the husband's legal obligation to provide support and maintenance upon the dissolution of the marriage. *See, e.g.*, Adkins v. Adkins, 325 S.W.2d 364, 367 (Mo. Ct.App.1959). It is in this sense of the term that the Bankrupt argues that his obligation to provide alimony terminated upon the Claimant's remarriage.

This position ignores the second connotation of the term as it applies to the awarding of attorney's fees. As indicated above, suit money and attorney's fees are denominated as alimony in the sense that these awards are given by the court to provide the wife the means by which

to prosecute or defend an action incident to a divorce proceeding. While still within the ambit of the term alimony, it is functionally distinct from the obligation of the husband to provide support payments to the wife, an obligation which would be extinguished by the wife's remarriage.

The awarding of attorney's fees in an action incident to a divorce proceeding is within the discretion of the trial court, and it is not for this Court to consider the validity of such an award. It is sufficient for the purposes of this petition for review that such an award was made to the Claimant, that such awards have been construed by the courts of Missouri to be alimony, and as such, are not dischargeable in bankruptcy.

For the reasons herein stated, the petition for review is denied.

It is so ordered.