James B. Kane, J.
The respondent has been ordered to show cause why judgment pursuant to section 460 of the Family *1087 Court Act should not be entered against him in the sum of $2,000, with interest from the 10th day of April, 1971, for costs and disbursements; and for other and further just and proper relief.
On March 10, 1971, upon termination of a habeas corpus referral from the Supreme Court, this court ordered the respondent to pay the petitioner herein the above sum as attorney’s fees. Said sum was to be paid “ within thirty (30) days from [the above] date * * * or at such other time * * * as may be agreed upon ”.
The above order was not appealed. The petitioner herein, to date, has not agreed to a modification of the above sum.
The respondent has appeared herein with Samuel Civiletto, Esq. and has argued, in the alternative :
1. The above debt was listed in bankruptcy; notice was given to the petitioner; and the debt has been discharged.
2. In the event the above debt was not discharged, this court should modify the order regarding counsel fees herein.
The petitioner, appearing by Richard B. Scott, Esq. has argued that this is a nondischargeable debt and that no objection need be made to notice regarding a nondischargeable debt in bankruptcy proceedings.
For the purposes of this court, it is held herein that the above debt was nondischargeable under section 35 (subd. [a], par. [7]) of title 11 of the United States Code. It is further held that the petitioner’s failure to object to the respondent’s attempt to discharge said debt in bankruptcy did not deprive the petitioner of asserting his claim and pursuing his remedies herein.
It is the decision of the court that the petitioner herein is entitled to an order directing the entry of judgment for the sum of $2,000, together with $10 costs and disbursements; all pursuant to section 460 of the Family Court Act.