Louis B. Heller, J.
In this omnibus order to show cause, the plaintiff seeks (1) to have the defendant held in contempt of court for failure to make certain payments pursuant to the judgment of divorce rendered on January 25, 1975; (2) to require the defendant to pay these arrears; and (3) to compel *956 the defendant to provide for Blue Cross and Blue Shield coverage on behalf of their son. Plaintiffs attorney has also requested counsel fees for the instant motion.
The Blue Cross-Blue Shield dispute was resolved at the oral argument of this motion. As to the first and second branches of the motion, plaintiff and her counsel allege that the defendant has failed to make the following payments:
(a) $360 in alimony and child support;
Ob) $1,136.50 in extraordinary medical expenses for their son; and
(c) $200 in counsel fees.
A settlement was reached on oral argument with respect to the back alimony and child support and it was agreed that the defendant would pay plaintiff $80 in full satisfaction thereof.
Remaining for the court’s determination at this time are the medical expenses and counsel fees. The defendant argues, in opposing their payment, that he has filed a petition in Federal court for personal bankruptcy and that these debts will be extinguished by the prospective bankruptcy decree.
Section 17 (par a, cl [7]) of the Bankruptcy Act (30 US Stat 544, as amd; US Code, tit 11, § 35, par [a], cl [7]) provides: "(a) A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as * * * (7) are for alimony due or to become due, or for maintenance or support of wife or child”. (Emphasis supplied.)
The question to be decided then, is whether attorney’s fees and the medical expenses involved here fall within the above exception.
The courts in this Country have generally held that attorney’s fees awarded to a wife in a divorce decree are in the nature of alimony and are therefore not dischargeable in bankruptcy (Matter of Hargrove, 361 F Supp 851, 852; Morrey v Morrey, 24 Ill App3d 77, 79-80, and the cases cited therein).
The few reported decisions in this State0 have also reached the same conclusion (Matter of Brennen, 39 F Supp 1022 [ED NY]; Matter of Krupp v Felter, 191 Misc 726, 727, affd 274 App Div 761; Tenney v Hamilton, 75 Misc 2d 1086).
Accordingly, the court holds that the counsel fee of $200 is nondischargeable under section 17 (par a, cl [7]) of the Bankruptcy Act. Any additional counsel fees awarded herein by virtue of this motion would similarly be excluded from dis *957 charge on the grounds that the motion is incident to the original divorce action (see Matter of Hargrove, supra).
The afore-mentioned section of the Bankruptcy Act excludes from discharge not only alimony but also liabilities "for maintenance or support of wife or child” as provided for in a divorce decree (Matter of Hollister, 47 F Supp 154, 156 [SD NY], affd 132 F2d 861).
The divorce judgment in this case decreed that the defendant shall pay to the plaintiff "the sum of $20.00 per week as alimony, plus the sum of $40.00 per week for the support and maintenance of the infant child, making a total sum of $60.00 per week, which said total sum is inclusive of all obligations of defendant for the support and maintenance of plaintiff and the infant child except extraordinary medical or dental expense”. (Emphasis supplied.) It is clear from this provision that the defendant is to be obligated for extraordinary medical or dental expenses as an additional item of support. The court therefore concludes that the defendant’s debts for the extraordinary medical expenses of his son are not dischargeable in bankruptcy by virtue of section 17 (par a, cl [7]) of the Bankruptcy Act.
Accordingly, the court grants the second branch of plaintiff’s order to show cause to the extent of directing the defendant to pay within 30 days after service of a copy of the order to be entered herein with notice of entry, $200 in past due counsel fees and $1,136.50 in extraordinary medical expenses. The plaintiff is further directed to pay within the same time an additional $100 in counsel fees by reason of this motion.
The court denies without prejudice that part of the order to show cause to hold defendant in contempt. Such a finding is not warranted at this time as an agreement was reached with regard to the Blue Cross and Blue Shield coverage and the past due alimony and child support, and a question of law was involved as to the other payments in issue.