OPINION OF THE COURT
Anthony F. Bonadio, J.
This article 4 support proceeding (Family Ct Act, art 4) raises issues related to the respondent’s recent discharge in bankruptcy. Specifically, we must determine whether either:
(a) debts resulting from an agreement by a debtor (respondent here) to hold harmless his former spouse (petitioner here) on joint debts, or
(b) debts arising from an agreement to pay counsel fees to the attorneys for the debtor’s former spouse in the parties’ matrimonial litigation constitute “alimony to, maintenance for, or support of” a spouse or child of the debtor, so as to render such debts nondischargeable under section 532 (subd-[a], par [5]) of the Bankruptcy Code (US Code, tit 11, § 523, subd [a], par [5]).
*138 This matter is before us on a stipulated set of facts, the parties agreeing that no evidentiary hearing was required. The parties were married in February, 1957. At the time of their divorce, in December, 1981, 3 of their 4 children were unemancipated; presently, there are two minor, unemancipated children apparently receiving support from the respondent. A stipulation — which was incorporated but not merged into the divorce decree — was placed on the record, by counsel, in the divorce proceeding. In addition to provisions concerning, inter alia, child custody and visitation; weekly child support and maintenance (alimony) payments; exclusive possession of the marital residence; and the disposition of various items of personal property, the stipulation provides that the respondent shall
(1) “pay and be responsible for certain outstanding obligations to various individuals who have rendered professional services to the children of the parties, to wit: Dr. Gupta, whose present balance is understood to be in the area of $45, Dr. Greaves, with a balance in the approximate amount of $177, Dr. Weber, $342, Dr. Staker, $56 and a Mr. DeStefano, approximately $500” and
(2) “pay to the firm of Zwissler, Diedolf, Feuer and Volkmann, Esquires * * * a further sum of $1,000 to help defray counsel fees on the part of the plaintiff.”
In June, 1982, the respondent received a discharge in bankruptcy. Although this court has not been presented with any of the pleadings and schedules filed in that proceeding, petitioner does not appear to dispute respondent’s claim that the obligations set out above were listed by respondent in the appropriate debt schedules. Rather, she claims that those debts are not dischargeable — even if listed — pursuant to section 523 (subd [a], par [5]). Petitioner commenced this proceeding seeking to enforce those provisions (Family Ct Act, § 461, subd [b], par [i]), and the respondent interposed his discharge as a defense (cf. CPLR 3018, subd [b]; 3211, subd [a], par 5). We decide as follows:
DISCUSSION
(1) JURISDICTION
Subdivision (c) of section 523 of the Bankruptcy Code requires that a creditor demand a hearing in the Bank *139 ruptcy Court to determine the dischargeability of a debt owed to him but specified in section 523 (subd [a], par [2], [4] or [6]) (false pretenses; fraud, embezzlement and larceny; willful and malicious injury). Since debts arising under section 523 (subd [a], par [5]) are not included in subdivision (c) of section 523, this court shares with the Bankruptcy Court concurrent jurisdiction to resolve the question of their dischargeability (see US Code, tit 28, § 1471, subd [b]; 3 Collier, Bankruptcy [15th ed], par 523.15, subpar [6]; Matter of Williams, 3 BR 401), subject to an application for removal — not made here — to the Bankruptcy Court (US Code, tit 28, § 1478, subd [a]).
(2) DISCHARGEABILITY, GENERALLY
Our analysis of the nature of the contested obligations begins with a review of some basic bankruptcy law rules and principles. First, while bankruptcy law, rather than State law, determines what constitutes alimony or support for section 523 (subd [a], par [5]) purposes (see HR Rep No. 95-595, p 364 [95th Cong, 1st Sess], reprinted in US Code, Cong & Admin News, 1978, vol 5, pp 5963, 6320; Brown v Felsen, 442 US 127), since there is no “federal law of domestic relations” (De Sylva v Ballentine, 351 US 570, 580) the “bankruptcy law of alimony and support” cannot be “formulate[d]” without “reference to the reasoning of the well-established law of the States” (Matter of Spong, 661 F2d 6, 9). Second, dischargeability is determined by the substance of the debt, not its form (cf. Pepper v Litton, 308 US 295). Third, the party objecting to the discharge has the burden of proof (Matter of Daviau, 16 BR 421). Finally, case law reveals those factors which should be considered in determining whether or not a debt is dischargeable under section 523 (subd [a], par [5]). These factors include:
(1) the nature of the obligation assumed;
(2) the location of the obligation in the parties’ agreement or stipulation*
*140 (3) the length of the marriage; presence of children requiring support; relative earning power of the spouses, etc.;
(4) the adequacy of support absent the debt assumption;
(5) the parties’ understanding of the provisions. (See Matter of Petoske, 16 BR 412, and the cases cited therein at pp 413, 414.)
(a) assumption of debts
Consideration of the above factors strongly supports petitioner’s claim that the respondent’s assumption of these bills — all for services rendered on behalf of the parties’ children — are in the nature of child support and not part of a property settlement (Domestic Relations Law, § 32; Family Ct Act, § 413; Matter of Growney, 15 BR 849 [medical/dental bills not dischargeable]; Matter of Petoske 16 BR 412, supra [consumer debts not dischargeable]; Jacobson v Jacobson, 84 Misc 2d 955 [medical/dental expenses not dischargeable]; Matter of Spong, 661 F2d 6, supra [obligations involving “necessaries” indicate alimony or support, not property settlement]). The fact that the debts are payable directly to the creditors does not make these nondischargeable support obligations dischargeable by way of assignment (US Code, tit 11, § 523, subd [a], par [5], cl [A]; Matter of Spong, supra).
(b) counsel fees'
We find this case virtually indistinguishable from Matter of Spong (661 F2d 6, supra), and conclude, as has the majority of Bankruptcy Courts that have considered the issue under the 1978 Bankruptcy (Reform) Act, that the counsel fees agreed to and awarded here are in the nature of alimony and thus not dischargeable (see Matter of Catlow, 663 F2d 960, and cases cited at p 961, n 1). If there are any distinctions, they weigh heavily in petitioner’s favor; given the stipulation’s recital that the fees were to be paid “to help defray counsel fees on the part of the plaintiff” we think the support nature of the award is clear. And, as noted with respect to the assumption of joint debts, there was no assignment merely because the award was payable directly to the spouse’s attorney (cf. Domestic Relations Law, § 237; Matter of Spong, 661 F2d 6, supra).
*141 CONCLUSION
Both the respondent’s assumption of joint debts and the award of counsel fees to his former spouse constitute alimony and support under section 523 (subd [a], par [5]); thus, they were not discharged.
Petitioner to submit order. The order shall provide that the respondent shall pay the contested obligations on or before March 31,1983, directly to the creditors or by way of reimbursement to the petitioner, as the case may be.

 Since this case involves a stipulation placed upon the record by counsel — after testimony was taken on the divorce claim — rather than a formal, written separation agreement, we attach less weight to this factor than we otherwise might. In any event, there is nothing in the location of either obligation evidencing a property settlement.