OPINION OF THE COURT
Anthony F. Bonadio, J.
The petitioner, by his attorney, has filed written objections to that portion of the hearing examiner’s order awarding *987 respondent counsel fees (Family Ct Act § 536). We decide as follows:
Objection No. 1 is denied. The application was made on papers, and there was no surprise.
Objection No. 3 must be sustained. First, Family Court Act § 536 provides that: "Once an order of filiation is made, the court in its discretion may allow counsel fees to the attorney for the prevailing party, if he or she is unable to pay such counsel fees.” Since the respondent was excluded as the biological father by the blood tests, the petition was dismissed and no order of filiation made. Accordingly, there is no authority for an award of counsel fees (see, Matter of John S. v Theresa L., 99 Misc 2d 578, 582).[1]
Since we reject the award on the ground that no order of filiation has been made, we need not decide if such an award is appropriately made against a social services agency (see, e.g., Uniform Parentage Act of 1973, 9A ULA § 16; C.R.A.H. v P.M.M., 647 P2d 239 [Col App 1981]; County of Los Angeles v Superior Ct., 102 Cal App 3d 926, 162 Cal Rptr 636, cert denied 449 US 864).
Respondent’s claim that section 536 is unconstitutionally "sex-based” is easily disposed of. Such an argument overlooks the provisions of Family Court Act § 522, which authorize the commencement of a paternity proceeding by "a person alleging to be the father”. Thus, a male petitioner who is found to be the father may apply for an award of counsel fees against a respondent mother. Whether a counsel fee award should be available to a respondent who defeats an application for an order of filiation is for the Legislature to decide, not this court.[2]
Secondly, the statute mandates that a party’s ability to pay be considered on an application for counsel fees (see, Matter of Jane PP. v Paul QQ., 100 AD2d 639). No claim is made here *988 that the respondent is financially unable to pay counsel’s modest fee.[3] In this regard, we note that the Legislature has adopted a scheme for the representation of indigent respondents in paternity proceedings that is based solely on one’s ability to pay, without regard to the petitioner’s success on the merits (i.e., a finding of paternity). Family Court Act § 262 (a) (viii) authorizes the court to assign counsel to an indigent respondent in a paternity proceeding if he (or she) is unable to obtain counsel of their choosing (cf. Matter of Patricia R. v Peter W., 126 Misc 2d 87 [assigned counsel for indigent petitioner entitled to counsel fees against respondent, but fee based on assigned counsel rates, not attorney’s private hourly rates]; cf. People ex rel. Adams v Sanes, 41 Ill 2d 381, 243 NE2d 233, cert denied 395 US 910).
Finally, the court, sua sponte, vacates the hearing examiner’s order dismissing this proceeding with prejudice, and, pursuant to Family Court Act § 439 (e) (ii), makes its own order granting respondent’s motion to dismiss. A hearing examiner sits as a Judge in support and paternity cases (22 NYCRR 205.3 [a]), and is "empowered to hear, determine and grant any relief within the powers of the court”, unless specifically enjoined by statute (Family Ct Act § 439 [a]; emphasis added). We reject petitioner’s broad claim (objection No. 2) that the hearing examiner lacks the authority to resolve legal questions, rule on motions (including applications for counsel fees), etc., in cases properly before her.
However, in the case at bar, the hearing examiner exceeded her jurisdiction by entertaining respondent’s motion to dismiss. Family Court Act § 439 (a) specifically enjoins hearing examiners from hearing, determining and granting any relief with respect to "issues of contested paternity * * * which shall be referred to a judge as provided in subdivision (b) or (c) of this section.” Section 439 (b), in part, provides: "(b) In any proceeding to establish paternity which is heard by a hearing examiner, the hearing examiner shall advise the mother and putative father of the right to be represented by counsel and shall advise the mother and putative father of their right to blood grouping tests in accordance with section five hundred thirty-two of this act. The hearing examiner shall order that blood grouping tests be conducted, including blood genetic- *989 marker tests, in accordance with section five hundred thirty-two of this act. The hearing examiner shall be empowered to hear and determine all matters related to the proceeding including the direction of an order establishing paternity based upon an undisputed admission by the respondent in accordance with the provisions of section five hundred sixteen-a of this act, provided however, that where the respondent denies paternity * * * the hearing examiner shall not be empowered to determine the issue of paternity, but shall transfer the proceeding to a judge of the court for a determination upon the issue of paternity.”
Since to grant respondent’s motion to dismiss based on his blood test exclusion would determine the issue of paternity, the hearing examiner should have transferred the proceeding to a Judge for a ruling on that motion. In view of the respondent’s exclusion and petitioner’s consent to dismissal, we grant the motion to dismiss. To the extent that the hearing examiner may have also lost jurisdiction over respondent’s application for counsel fees (but cf. Family Ct Act § 439 [b]), we deny the application de novo for the reasons stated above.

. We reject respondent’s claim that this proceeding is frivolous or malicious. While such a claim was suggested in respondent’s answer to the petition, counsel did not base his fee request on that ground. The hearing examiner merely dismissed the petition after respondent was excluded by the blood tests; no findings were made that the proceeding was frivolous, malicious, etc. Respondent’s exclusion, of course, does not establish those claims.

. Counsel fee awards are generally viewed as "part of’ the support obligation or award (Paynton v Kaplan, 117 Misc 2d 137, 140). Limiting counsel fees in paternity proceedings to those cases in which paternity is established is consistent with this view (Lamb v Lamb, 61 Misc 2d 1032, 1041-1043).

. The award of counsel fees is also inconsistent with the hearing examiner’s ruling that petitioner should pay for the blood tests unless the respondent is found to be the father (see and compare, Family Ct Act § 532 [c]).