OPINION OF THE COURT
Joan S. Kohout, J.
This matter was commenced by the Monroe County Depart *401 ment of Social Services pursuant to Family Court Act § 234. In its petition the Department of Social Services seeks reimbursement from the respondents for the cost of out-of-home placement for their son Gary Z. The action was commenced by an order to show cause which was signed by Hearing Examiner Roy H. Lockwood on February 14, 1991.
The respondents now move this court for a dismissal of the action based upon their claim that Hearing Examiner Lockwood was without authority to sign the order to show cause.
The matter came on to be heard on April 23, 1991 at which time the court heard arguments of counsel and reserved decision.
Family Court is a court of limited jurisdiction and enjoys only such authority as is conferred upon it by statute and the NY Constitution. (NY Const, art VI, § 13 [b], [c]; Family Ct Act § 115; Matter of Borkowski v Borkowski, 38 AD2d 752 [2d Dept 1972].) Pursuant to Family Court Act § 439 the Chief Administrator of the Courts is directed to appoint Hearing Examiners "to hear and determine support proceedings.” (Family Ct Act § 439 [a].) Family Court Act § 439 and the rules promulgated thereunder (22 NYCRR 205.32-205.37) enumerate the specific powers delegated to the Hearing Examiner. The Hearing Examiners possess no power beyond what is specifically enumerated in the statute. (See, e.g., Matter of Richardson v Clark, 132 Misc 2d 986 [1986].)
Although the Hearing Examiner clearly has the authority to hear and determine a support action commenced by the Department of Social Services for reimbursement of foster care expenses under Family Court Act § 234, there is no statutory authority that permits a Hearing Examiner to sign an order to show cause in such case or in any other case. Only a Judge of the court would have that authority. As a result the order to show cause signed by Hearing Examiner Lockwood was unauthorized and defective. Consequently, the court must grant respondents’ motions to dismiss.
In the future the Department of Social Services may wish to request that the court issue a summons as a means of commencing a foster care reimbursement case or that a Judge of the court sign an order to show cause.