◼ In the Matter of Barbara Niblock, Respondent, v Robert Niblock, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Orange County (Ludmerer, J.), entered August 18, 1989, which denied his objections to an order of the same court (Mandell, H.E.), dated May 12, 1989, denying his motion to vacate an order directing him to pay support for the infant issue of the marriage.

Ordered that the order is affirmed, with costs.

We reject the appellant's claim that the Hearing Examiner lacked the authority to order substituted service pursuant to Family Court Act § 427. A Hearing Examiner sits as a Judge in support cases and specified paternity cases (22 NYCRR 205.3 [a]), and is "empowered to hear, determine and grant any relief within the powers of the court" (Family Ct Act § 439 [a]) unless specifically enjoined by statute (see, Matter of Richardson v Clark, 132 Misc 2d 986). Thus the Hearing Examiner had the authority, once he determined that after reasonable effort personal service was not made, to order substituted service in the manner provided for under the CPLR, which encompasses any method of service devised by the court that is reasonably calculated to give the party notice and an opportunity to be heard (see, Family Ct Act § 427 [b]; CPLR 308 [5]; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Part 1, Family Ct Act § 427, at 180).

The appellant's remaining contentions that the Hearing Examiner erred in ordering substituted service and that the substituted service was not reasonably calculated to provide actual notice are raised for the first time on appeal and are therefore not properly before this court (see, Fresh Pond Rd. Assocs. v Estate of Schacht, 120 AD2d 561; Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757). Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.