■ COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of LORRAINE CAMPBELL, Respondent, v IRVING HARRIS, Appellant. [810 NYS2d 175]—

Order, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about December 18, 2003, vacating her prior determination to vacate orders of paternity and support, unanimously reversed, on the law, without costs, and the matter remanded for a new hearing on issues of paternity and support.

The Department of Social Services (DSS), as assignee, filed a petition seeking an order of filiation against respondent-appellant Irving Harris. The petition alleged that he was the father of Niya S. Campbell, born September 22, 1992, daughter of petitioner Lorraine Campbell.

At a hearing scheduled for June 22, 2001, Harris was informed that he could have the matter adjourned to retain counsel, or could speak for himself. Harris chose to represent himself, and denied he was the father of the subject child.

On January 4, 2002, Harris and Campbell appeared before Hearing Examiner Vanessa Evans. Harris was advised that he had been identified as the father, and had the right to request a DNA test, which Harris did. He was also instructed that he had the right to have an attorney represent him at any paternity hearing.

On April 15, 2002, the parties stipulated as follows: "IT IS

HEREBY STIPULATED AND AGREED that this action and the issues therein be referred to the Hearing Examiner/Referee to hear and determine. All appeals of decisions made by the Hearing Examiner/Referee in their capacity as Referee shall be made to the Appellate Division. All issues of support are still subject to the objection process."

On November 13, 2002, the court noted that the oral genetic marker test indicated paternity and that Harris had requested a new genetic blood marker test, to which DSS consented. But Harris, suspicious of the lab, demanded that the lab draw a second vial of blood so he could obtain his own test. When the lab refused to do so, he took his vial of blood out of the lab. The court refused to order another DNA test, given Harris's "inappropriate" conduct, and a hearing was scheduled.

On August 6, 2003, Support Magistrate/Referee Friederwitzer adjudged Harris the father of Niya Campbell. The order of filiation contained the following standard language: "SPECIFIC WRITTEN OBJECTIONS TO THIS ORDER MAY BE FILED WITH THIS COURT WITHIN 30 DAYS OF THE DATE THE ORDER WAS RECEIVED IN COURT OR BY PERSONAL SERVICE, OR IF THE ORDER WAS RECEIVED BY MAIL, WITHIN 35 DAYS OF THE MAILING OF THE ORDER."

On the same day, Support Magistrate Vanessa Evans entered an order of support against Harris. Harris promptly filed an objection to both orders on the grounds that he did not have sexual intercourse with Campbell during the period of conception; that the results of the genetic marker test were tampered with, and that the order of support was incorrectly calculated since it did not take into account another order of support for a nonsubject child. The DSS did not file a rebuttal.

Subsequently, in a decision and order dated November 18, 2003, Justice Cohen granted Harris's objection, vacating the orders of filiation and support, and remanding the case for a new paternity hearing. Justice Cohen held that Support Magistrate Friederwitzer did not hold a proper paternity hearing because, inter alia, she inexplicably commenced the hearing on April 15, 2002 without advising Harris of his right to counsel; and although Harris consistently and continually stated that he believed the genetic marker testing to be tainted, the support magistrate nevertheless entered the results into evidence after informing respondent that he did not properly object in writing to the genetic marker test results, pursuant to Family Court Act § 532. Justice Cohen observed that if Harris had been advised of his right to counsel prior to the commencement of the hearing, Harris's counsel would have had the opportunity to properly

object to the admission into evidence of the genetic marker test results.

On December 18, 2003, Justice Cohen vacated her decision and order of November 18, 2003, and remanded the matter for a new paternity hearing. She determined that she did not have jurisdiction to vacate the orders of the Support Magistrate because of the April 15, 2002 stipulation signed by Harris and Campbell whereby all appeals of decisions made by the Hearing Examiner/Referee "shall be made to the Appellate Division."

On appeal, Harris argues that the order of filiation provided that he could submit written objections to the Family Court, and thereby negated the content of the parties' stipulation, and thus, Justice Cohen had jurisdiction to hear his objections. He further submits that Justice Cohen did not have the authority to vacate her previous order of November 18, 2003, in the absence of an application to do so. Harris additionally contends that the record at the support hearing, and findings of fact, did not support the child support order.

Assuming arguendo that the provision of the order of filiation allowing objections "TO . . . BE FILED WITH THIS COURT" would not abrogate an agreement between the parties to forego the objection process, the stipulation is void as a stipulation to enlarge the appellate jurisdiction of this Court. Indeed, the stipulation is problematic in its entirety since the parties' agreement to adjudication by a hearing examiner/referee at that time appears to have been enjoined by statute.

The statute in effect as of 2003 precluded support magistrates from hearing, determining or granting any relief with respect to issues of contested paternity (Family Ct Act § 439 [a]; *see Matter of Richardson v Clark*, 132 Misc 2d 986 [1986]; *see also Matter of D'Elia v Douglas B.*, 138 Misc 2d 370 [1988] [determining and granting of any relief with respect to issues of contested paternity is beyond the jurisdiction of a hearing examiner]). Hearing examiners are empowered to hear, determine and grant relief within the powers of the court in *uncontested* paternity proceedings pursuant to the Family Court Act (Family Ct Act § 439 [a]). Where a respondent denies paternity, defaults or disputes an acknowledgment of paternity, the hearing examiner must transfer the proceeding to a judge for a determination of paternity (Family Ct Act § 439 [b]).*

Here, Harris disputed paternity. The action therefore required

* In 2004, the Legislature enlarged the power of support magistrates, apparently in an attempt to afford them "clear authority to adjudicate the vast majority of contested paternity matters" (2004 Recommendations of the Fam-

a hearing before a judge. Although the parties purported to waive this right and stipulate to allow the action to proceed before a hearing examiner, they could not effectively do so since their stipulation was void and unenforceable under the Family Court Act (*see Matter of Niblock v Niblock*, 181 AD2d 825 [1992] ["(a) Hearing Examiner sits as a Judge in support cases and specified paternity cases and is 'empowered to hear, determine and grant any relief within the powers of the court' unless specifically enjoined by statute" (citations omitted)]).

Nor could the parties stipulate to enlarge our appellate jurisdiction (*see Matter of Shaw*, 96 NY2d 7 [2001]). Thus, in August 2003, the support magistrates exceeded their jurisdiction, and the orders of filiation and support could have been vacated on that basis alone.

In any event, Justice Cohen erroneously vacated her decision of November 18 on the grounds that she lacked jurisdiction. As already noted, the stipulation was void so far as it enlarged the appellate court's jurisdiction. Moreover, the stipulation stated that "[a]ll issues of support are still subject to the objection process." Since paternity and support are inextricably intertwined (a finding of paternity being a necessary prerequisite to a support order), both were properly subject to the objection process as "issues of support" (*see* Family Ct Act § 439 [e]), and therefore, the November 18, 2003 order of Justice Cohen (which ordered a new hearing) was unnecessarily vacated by the order appealed from upon the grounds of lack of subject matter jurisdiction.

For the foregoing reasons, we reverse and reinstate the order vacating the order of filiation on the grounds of support magistrates' lack of jurisdiction, and, since paternity is a prerequisite to a support order, reinstate the order vacating the order of support and remand the matter for a new hearing on the issues of paternity and support. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.