■ DANA GROGAN et al., Appellants, v GAMBER CORPORATION, Doing Business as MILFORD PLAZA HOTEL, et al., Respondents. [911 NYS2d 352]—Appeal from order, Supreme Court, New York County (Judith J. Gische, J.), entered October 29, 2009, which, in an action for personal injuries, denied plaintiffs' motion pursuant to CPLR 5015 (a) (1) for relief from a judgment dismissing their complaint, unanimously dismissed, without costs.

On December 10, 2009, this Court dismissed, for failure to perfect, plaintiffs' consolidated appeal from (1) the September 19, 2008 judgment (Jacqueline W. Silbermann, J.), dismissing their complaint pursuant to a directive (Ira Gammerman, J.H.O.) that judgment dismissing the complaint be entered because of their failure to proceed to trial, and (2) the February 24, 2009 order (Judith J. Gische, J.), denying plaintiffs' motion pursuant to CPLR 5015 (a) (1) for relief from the judgment because of, inter alia, their failure to provide affidavits of merit. In July 2009, plaintiffs again moved for relief from the judgment, this time submitting affidavits of merit. In the order on appeal, the court denied the motion because, inter alia, plaintiffs failed to offer "any explanation why the affidavits were not presented on the original motion."

An appeal that has been dismissed for failure to prosecute bars, on the merits, a subsequent appeal as to all questions that could have been raised on the earlier appeal had it been perfected (*Bray v Cox*, 38 NY2d 350, 353-355 [1976]; *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754, 755-756 [1999]). Thus, on this appeal plaintiffs may not challenge the judgment dismissing their action or the denial of their motion for relief from that judgment. As this is the only relief plaintiffs seek, the appeal is dismissed. Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.