Dumond v New York Cent. Mut. Fire Ins. Co. (2018 NY Slip Op 07853)





Dumond v New York Cent. Mut. Fire Ins. Co.


2018 NY Slip Op 07853


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1006 CA 18-00301

[*1]DENNIS A. DUMOND AND MICHELE L. DUMOND, PLAINTIFFS-RESPONDENTS,
v
NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 






GOZIGIAN, WASHBURN & CLINTON, COOPERSTOWN (E.W. GARO GOZIGIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHELE E. DETRAGLIA, UTICA, FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered December 7, 2017. The order, inter alia, granted plaintiffs money damages upon stipulation. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: New York Central Mutual Fire Insurance Company (defendant) issued an insurance policy for plaintiffs' property in the Town of Walton, Delaware County. A structure on the property was thereafter destroyed by fire, and defendant denied plaintiffs' claim for coverage. Plaintiffs then commenced this action for monetary damages and a declaration that the insurance policy covered the loss. Supreme Court subsequently denied defendant's cross motion for summary judgment dismissing the complaint, granted in part plaintiffs' motion for summary judgment, and issued a declaration in plaintiffs' favor on the issue of coverage subject to a future determination regarding, inter alia, the amount of damages. Defendant appealed from that order, but we granted plaintiffs' motion to dismiss the appeal for failure to perfect (Dumond v New York Cent. Mut. Fire Ins. Co., 2016 NY Slip Op 89758[U] [4th Dept 2016]).
The parties thereafter stipulated to the amount of damages. The stipulation, which by its own terms did not finally resolve the action, also provided that "defendant may appeal each and every part of the . . . case proceedings heretofore, including but not limited to the issue of whether there is coverage in this case and whether the [c]ourt properly denied defendant's [cross] motion for summary judgment." This stipulation was so ordered by the court, and defendant then filed the current notice of appeal purporting to appeal "from each and every part of said Stipulation and Order as well as from the whole thereof and the prior proceedings and rulings therein."
We now dismiss the instant appeal for the following three reasons. First, defendant is not aggrieved by the "Stipulation and Order" on appeal because, as its title reflects, it constitutes an order entered on consent. As such, defendant "may not appeal from it" (Adams v Genie Indus., Inc., 14 NY3d 535, 541 [2010], citing Dudley v Perkins, 235 NY 448, 457 [1923]; see CPLR 5511; Smith v Hooker Chem. & Plastics Corp., 69 NY2d 1029, 1029 [1987]). The fact that defendant is aggrieved by the prior summary judgment order is of no moment because the "Stipulation and Order" is not a final order or judgment, and it thus does not bring up for review that prior order (see Crystal v Manes, 130 AD2d 979, 979 [4th Dept 1987]).
Second, the appeal must be dismissed because the paper from which defendant purports [*2]to appeal is not an appealable order under CPLR 5701 (a) (2), which authorizes an appeal as of right from certain specified orders "where the motion it decided was made upon notice." That provision is inapplicable here because the "Stipulation and Order" on appeal did not decide a motion, much less a motion made on notice (see Sholes v Meagher, 100 NY2d 333, 335-336 [2003]; Mohler v Nardone, 53 AD3d 600, 600 [2d Dept 2008]).
Third, it is well established that "[a]n appeal that has been dismissed for failure to prosecute bars, on the merits, a subsequent appeal as to all questions that could have been raised on the earlier appeal had it been perfected" (Grogan v Gamber Corp., 78 AD3d 571, 571 [1st Dept 2010]; see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 753-757 [1999]; Bray v Cox, 38 NY2d 350, 352-355 [1976]). Defendant's substantive contentions on the instant appeal could have been raised on the prior appeal, had it been perfected. Thus, dismissal of the instant appeal is also warranted on that ground (see Rubeo, 93 NY2d at 757; Bray, 38 NY2d at 355; Madison Realty Capital, L.P. v Broken Angel, LLC, 107 AD3d 766, 767 [2d Dept 2013], lv denied 21 NY3d 866 [2013], lv dismissed 21 NY3d 1069 [2013]; Grogan, 78 AD3d at 571; Alfieri v Empire Beef Co., Inc., 41 AD3d 1313, 1313 [4th Dept 2007]; Frey v Parsons, 291 AD2d 837, 837 [4th Dept 2002]).
In sum, defendant is attempting to use a non-appealable paper, i.e., the "Stipulation and Order," as a vehicle to revive its previously dismissed appeal from the summary judgment order. This is improper, because litigants have no authority to "stipulate to enlarge our appellate jurisdiction" (Commissioner of Social Servs. of City of N.Y. v Harris, 26 AD3d 283, 286 [1st Dept 2006]; see Matter of Shaw, 96 NY2d 7, 13 [2001], citing Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324 [1889]). Finally, given the parties' failure to inform us of the prior dismissed appeal in their appellate briefs, we must remind counsel that "attorneys for litigants in [an appellate] court have an obligation to keep the court informed of all . . . matters pertinent to the disposition of a pending appeal and cannot, by agreement between them, . . . predetermine the scope of [its] review" (Amherst & Clarence Ins. Co. v Cazenovia Tavern, 59 NY2d 983, 984 [1983], rearg denied 60 NY2d 644 [1983]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court